## CHARLESTON.

SCOTT AND COBB *v.* KEENAN.

Submitted September 15, 1910.   Decided May 16, 1911.

1.   JUDGMENT—*Enforcement—Subsequent Interveners.*

After there has been a decree adjudicating the principles of a cause the remedy of a party thereto, against the adverse claims of a subsequent intervening petitioner therein, is not by an independent suit to enjoin the execution of such decree, but by proper pleadings, and motions addressed to the court in the pending cause.   (p. 413).

2.   SAME—*Enforcement—Remedy—Appeal.*

If prejudicial error be committed by the court below on such pleadings or motions, such error may be corrected here on appeal.   (p. 413).

Appeal from Circuit Court, Randolph County.

Bill by C. H. Scott and others against L. H. Keenan and others.   Decree for defendants, and plaintiffs appeal.

*Affirmed.*

*W. B. Maxwell,* for appellants.

*Blue & Dayton* and *Jared L. Wamsley,* for appellees.

MILLER, JUDGE:

The object of the bill, or, as it styles itself, the petition, is to enjoin defendant L. H. Keenan from further proceedings in the cause of said Keenan against Scott and Cobb, and others, pending in the same court, as required by the decree and mandate of this Court pronounced in said cause, on appeal, 64 W. Va. 137, until the petition of Elizabeth Keenan, filed therein, subsequently, shall be finally matured and heard, and until her rights, as against said L. H. Keenan, the present plaintiffs, and others, parties thereto, set up therein, be finally determined and adjudicated.

We find nothing alleged in the present bill, or petition, justifying the relief prayed for.   The petition of Mrs. Keenan was filed in the cause, proceedings in which are sought to be enjoined.   She alleges ownership of the land by virtue of a deed from her husband, executed and delivered, *pendente lite,* a few

days before the decision of this Court on the appeal. She does aver in her petition, the equitable ownership of the land, with notice thereof to defendants, prior to said deed, and that said Scott and Cobb, then holding the legal title, had no authority, without her consent, to sell the land to the Davis Colliery Company, nevertheless, the prayer of her petition is, that she be substituted as the true plaintiff in said suit, in place of her husband, L. H. Keenan, and that said land, or the value thereof may be decreed to her, subject to the just and equitable charges against the same.

Notwithstanding the scope of her petition may be broader it is hardly likely the petitioner will be able to show herself entitled to greater relief than that granted her husband, L. H. Keenan, under whom she holds by deed, and in whose room and stead she seeks to be substituted as plaintiff. Keenan in his answer avers and charges that his deed to his wife can not in any event amount to more than an equitable assignment to her of whatever amount he may be entitled to recover from Scott and Cobb in said cause.

But whatever the rights of petitioner may be, her petition is pending in the cause which is sought to be enjoined, not as an independent suit. The Court has the jurisdiction of the whole case of the subject matter and of the parties, and is competent on proper pleading filed, or proper motions addressed to the court in the cause, to protect and adjudicate the rights of all parties; and if error be committed therein, to the prejudice of any litigant, that error is correctible here on appeal from a final decree, or decree adjudicating the principles of the cause. Certainly no independent suit is proper or necessary.

We do not see that the cases collated in 11 Ency. Dig. Va. & W. Va. Rep. 712, and to which we are referred, have any application to the question presented here. If we should treat the petition of Mrs. Keenan as an independent suit, pending in the same court, and the present suit as a motion for a stay of proceedings, under section 6, chapter 136, Code 1906, and the decree appealed from as an order denying the motion, that order would not be the subject of appeal to this Court, except upon a final decree entered in the cause, or one adjudicating the principles of the cause, made upon the pleadings, and proofs therein. Stay of such proceedings under said statute, as was

decided by this Court in *Dunfee* v. *Childs,* 59 W. Va. 225, rests in the sound discretion of the court, and to warrant such stay it must be essential to justice, and it must be that the judgment or decree, by another court, or the same court, in another cause, will have legal operation and effect in the suit in which the stay is asked, and settle the matter of controversy in it. But we have here no such independent suits to deal with, and that case has no real application.

For these reasons we think the decree below should be and it will be affirmed.

*Affirmed.*