# CHARLESTON.

## KEENAN v. SCOTT et al.

Submitted September 26, 1916. Decided October 3, 1916.

1. ACTION—*Stay of Proceedings—Right to.*

Where the judgment or decree in another suit will have legal operation and effect in the suit in which a stay is asked and settle the matter in controversy in it, and such stay is essential to justice it should be made as provided by section 6, chapter 136, Code 1913. (p. 731).

78 W. Va.

2. EVIDENCE—*Opinion   Evidence—Examination   of   Experts—Hypo-
   thetical Questions.*

   It is not essential that hypothetical questions propounded to
   expert witnesses should embody all the facts proven, or which the
   evidence tends to prove.  Counsel may embody therein such of
   the facts as the evidence tends to prove as support or tend to
   support their theory of the case and thereby obtain the opinion
   of the witness thereon.  (p. 733).

3. TRUSTS—*Trustees—Liability of.*

   Appellants, as trustees for plaintiff, though seized jointly of
   the legal title to the land in controversy, but who sold and con-
   veyed their respective interests separately and independently and
   so collected the purchase money, were properly adjudged to be
   separately and not jointly liable to plaintiff for the purchase
   money realized by them respectively from the sale of the land, the
   subject of the trust.  (p. 733).

Appeal from Circuit Court, Randolph County.

Suit by L. Keenan against C. H. Scott and others.  From a
decree for plaintiff, defendants appeal.

> *Reversed and remanded.*

*Samuel T. Spears* and *W. B. & E. L. Maxwell,* for ap-
pellants.

*Fred O. Blue,* for appellee.

MILLER, JUDGE:

By the two decrees appealed from, of December 15, 1914,
and of March 23, 1915, respectively, the court below under-
took to execute the decree and mandate of this court pro-
nounced therein upon a former appeal. 64 W. Va. 137.

After the cause was remanded to the circuit court in 1908,
Henry Carroll and others brought in the same court a suit in
equity against Scott and others, and two suits in ejectment,
one against C. H. Scott individually, and the other against
the Davis Colliery Company, to recover the tract of 1274
acres, of which the 205 acres is a part, and for damages.
These suits are still pending and undetermined in the court
below.

The bill in the equity suit alleges among other things that
plaintiffs are heirs of Margaret Ellen and Henry Carroll,

from whom Scott, prior to the former appeal, obtained a deed for the whole tract of 1274 acres, and which title, to the extent of said 205 acres, and a tax deed also acquired by said Scott, to the title to the 205 acres, had, for the reasons given, enured to the benefit of Keenan; and the two main grounds for relief sought are, first, that Scott had obtained said deed by fraud practiced upon his ignorant grantors; second, not that the deed and acknowledgment, regular on the face, so showed, but that in fact Mrs. Carrol had signed and acknowledged the deed before her husband, thereby invalidating it. The prayer of the bill was to cancel the deed and for an accounting, that the land be decreed to be vested in plaintiffs and possession given them, and if not entitled to this relief, that they might have a decree for the value of the land and for other relief. The object of the ejectment suits was to recover possession, mesne profits, and damages.

After the filing of these suits Scott and Cobb intervened by a petition filed herein seeking in the alternative, either to have the plaintiffs in those several suits impleaded in this case, or that this cause be stayed until their rights and liabilities in said suits could be adjudicated or the cases matured and heard together herewith. By the decree of December 15, 1914, the relief sought by this petition was denied and the same dismissed. Appellants sought also the same relief by other motions and by exceptions to the commissioner's report, which was denied them.

So the first point is that the court erred in refusing to stay further proceedings herein until those suits were either settled or determined. In support of this decree it is contended that Keenan is not a party to those suits, nor concerned therein, and that if Scott committed a fraud on the grantors, Carroll and wife, or their deed be void upon any other ground alleged, this cause should not be stayed or delayed on that account, since Keenan's rights to an accounting by appellants had been fully and finally adjudicated by the decree and mandate of this court prior to the filing of said suits; and, moreover, because of alleged want of merit in the claims of the plaintiffs in those suits as shown by the records and proceedings and exhibits in the cause. On the prior appeal, however,

because of the relationship of attorneys and client, Keenan was held to be entitled to the benefit of all outstanding claims to the land acquired by either Scott or Cobb, and that the acquisition of these claims had some effect at least upon the price subsequently obtained for the land there is little doubt. Now those title interests are assailed and the claimants set up superior title to the land and they seek recovery from Scott or the Coal Company, to whom he and Cobb conveyed the land. If their title is bad, as appellee contends, and as may be shown on final hearing of those suits, they cannot recover, but if good, would any one say that in a court of equity, and before a money decree has been pronounced, Keenan should be decreed money received by appellants in the sale of the 205 acre tract, and then possibly have to account for it also to the plaintiffs in those suits if they should perchance prevail therein? We do not think Scott and Cobb can upon any principles of equity be mulcted into such double liability. The fact that there may be no merit in these adverse suits is no adequate answer to the right of appellants to the stay. Scott promptly filed his defenses in the equity suit, and appellants evince no purpose to unduly delay this cause. Moreover, we cannot go into the merits of those cases; they are separate and independent suits, and are not now before us for adjudication; they constitute burdens upon appellants, and we think together present just such a case as calls for the application of the rule prescribed by section 6, of chapter 136, of the Code. True it was said in *Dunfee* v. *Childs,* 59 W. Va. 225, that proceedings under this section of the Code rest upon the sound discretion of the court; but this means a sound not arbitrary discretion, and if such stay is essential to justice it should not be denied. See, also, *Scott and Cobb* v. *Keenan,* 69 W. Va. 412, 413; *Katzenstein* v. *Prager,* 67 W. Va. 343.

As this conclusion results in a reversal of the decrees, and the decree to be hereafter rendered may depend on the result of the suits of the Carroll heirs against Scott and the Davis Colliery Company, we would not ordinarily be disposed to respond to the remaining points of error; but as this litigation has already been drawn out to too great length, we are

disposed, as counsel request it, to dispose of two other points of error mainly relied on.

The first of these is, that the court below erred, as the commissioner whose report was excepted to on this ground had done, in refusing to consider the evidence of certain expert witnesses on the question of the value of the legal services rendered by Scott and Cobb, as attorneys for Keenan in the various suits referred to. According to the commissioner's report he declined to consider any of this evidence, and made up his report solely from his own examinations of the court papers and records in those cases, and upon his individual opinion as to what appellants' services were reasonably worth. The testimony of all the expert witnesses, except one, who based his opinion on his personal knowledge of what services appellants had rendered, was predicated on certain hypothetical questions propounded, and which assumed the existence of certain facts which according to the views of counsel the evidence proved or tended to prove. In the written opinion of the court below, made a part of the record, the learned judge sustained the commissioner and overruled appellants' exception to his report, because of the omission to cover in the hypothetical questions other facts which it is contended the evidence showed or failed to show. We do not deem it necessary to specifically detail the several criticisms of the court; but simply to say that after examining them carefully we are of opinion that the court has taken too narrow a view of the subject. According to our decisions it is not essential that a hypothetical question should recite or embody all the facts proven or which the evidence tends to prove. Counsel may embody in their questions such of the facts proven as tends to support their theory of the case, and so as to elicit the opinions of the witnesses based on those facts. If the questions in the judgment of opposing counsel omit essential facts proven or which the evidence tends to prove, those facts may be readily introduced into the questions on cross-examination, and the opinion of the witnesses obtained on the case thus presented. *Kerr* v. *Lunsford,* 31 W. Va. 659; *Bowen* v. *City of Huntington,* 35 W. Va. 682; *State* v. *Angelina,* 73 W. Va. 146; 1 Wigmore on Evidence, sections 681, 682, 683.

Moreover, one of the witnesses, Mr. Bowers, answered not only upon the facts assumed in the hypothetical questions propounded to him, but upon other facts within his personal knowledge, obtained as an attorney in connection with the litigation referred to in the question, and also as an attorney for the Coal Company, in the purchase of the land from Scott and Cobb. His evidence we think was competent, and was entitled to consideration by the commissioner. *McCormick & Co.* v. *Hamilton, Wood & Co.*, 23 Grat. 561, 571. What weight should have been given this expert evidence is quite another proposition, but being legal and competent the commissioner was not justified in wholly disregarding it, and in saying he would not consider it. It is also suggested that the commissioner should have considered the admission of Keenan in his original bill that he had agreed with Scott and Cobb at the time he made them the deed for the 205 acres to give them for their services one fourth of what they should realize for the land, as compensation for their services; and this at a time when all the troubles they would encounter in the litigation that followed, and in perfecting the title or removing clouds therefrom preparatory to a sale thereof to the coal company, could hardly have been contemplated. Of course because of the relationship of attorneys and clients at the time of the contract it was not enforcible, but does it not weigh something in the scales of justice when the question is what was the value of the services rendered or to be rendered with respect to the subject matter of the contract?

On the other question presented by the cross-assignment of error by Keenan, as to the joint or several liability of Scott and Cobb, we are of opinion that the commissioner and the court reached the proper conclusion that they were liable severally and not jointly for the purchase money realized for their several interests in the land. They held the land jointly, but each appears to have acted severally and independently in the sale to the coal company, and not to be responsible for what the other did in the sale or in the disposition of the purchase money, and so not jointly liable, upon the principles of the cases cited by counsel and in the opinion of the circuit court. *Boyd* v. *Boyd*, 3 Grat. 113; *Griffin* v. *Macauley*, 7

Grat. 476; 4 Pom. Eq. Jur., section 1082; 39 Cyc. 309, and
note page 311; *Dyer* v. *Riley*, 51 N. J. Eq. 124, 26 Atl. 327;
*Purdy* v. *Lynch*, 145 N. Y. 462, 40 N. E. 232; *In Re Halstead*,
44 Misc. Rep. (N. Y.) 176, 89 N. Y. S. 806.

Decree reversed and cause remanded.

*Reversed and remanded.*