INDEPENDENT FIRE INSURANCE
COMPANY, Plaintiff,

v.

James R. HUGGINS et al.,
Defendants.

Civ. A. No. 75–1620.

United States District Court,
D. South Carolina,
Columbia Division.

Nov. 5, 1975.

E. W. Mullins, Jr., and R. Bruce
Shaw, of Nelson, Mullins, Grier & Scarborough, Columbia, S. C., for plaintiff.

Paul V. Ryan, Columbia, S. C., for
Levern Coe, and Margaret C. McCoy and
others.

Robert A. McKenzie, Columbia, S. C.,
for James R. Huggins.

HEMPHILL, District Judge.

Motion to Dismiss, filed by defendants
Levern Coe and Margaret C. McCoy, as
Administratrix, seeks to have this court
to dispose of this action by dismissal on
two grounds; (1) that no true diversity
of citizenship exists because there is no
bona fide controversy between plaintiff
and defendant, and (2) that the complaint fails to state a claim against the
defendants upon which relief can be
granted.[1] The complaint, filed Septem-

---

1. Fed.R.Civ.P. 12(b) provides: Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on the Pleadings.

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insuffi-

ciency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. If, on a motion

ber 16, 1975, seeks an adjudication as to plaintiff's responsibility to (1) defend James R. Huggins in two separate law suits now pending before the Court of Common Pleas for Richland County, South Carolina, and (2) to respond to any judgment obtained against Huggins in either of those litigations. Attached to the complaint is a copy of each complaint in the Common Pleas Court for Richland County, South Carolina.

Defendant Coe, in the State court action, sues Huggins for recklessly, carelessly, negligently and wilfully shooting Coe in the foot after an argument at a 7-Eleven "convenience store" on April 5, 1975. McCoy's suit seeks damages for the wrongful death of the late Luke McCoy arising out of the same shooting (the late McCoy and Coe are brothers-in-law). Each of the Richland County actions is for more than $10,000. The defendant Huggins has answered in this action denying the material allegations of the federal court complaint. It does not appear what action Huggins has taken in the State court action(s).

In its federal court action, the present plaintiff contends that it owes no duty to defend Huggins under a homeowner's insurance policy, which it admittedly issued to Huggins, because the policy allegedly excluded coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the insured."

This court does not have before it at this time a decision on the issue of whether or not Independent has responsibilities or liabilities. It is obvious that the purpose of this action was to run to this court, in the hope that this court, in its final decision, would absolve plaintiff from any liability. Apparently ignored, and purposely so, are South Carolina's statutes providing for declaratory judgment.[2] Apparently the present plaintiff made no effort to interplead in any of the original suits in the Richland County Court, as contemplated by S.C.Code Ann. § 10–219 (1962).[3] Part of the civil caseload of

asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

2. S.C.Code Ann. § 10–2002 (1962) provides: Courts of record may declare rights, status and other legal relations.—Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declarations shall have the force and effect of a final judgment or decree.

S.C.Code Ann. § 10–2011 (1962) provides: Review of declaratory judgments.—All orders, judgments and decrees under this chapter may be reviewed as other orders, judgments and decrees.

S.C.Code Ann. § 10–2012 (1962) provides: Further relief based on declaratory judgment.—Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree to show cause why further relief should not be granted forthwith.

3. S.C.Code Ann. § 10–219 (1962) provides: New parties; interpleader. The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. But when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in. And when, in an action for the recovery of real or personal property, a person not a party to the action but having an interest in the subject thereof makes application to the court to be made a party it may order him to be brought in by proper amendment.

A defendant against whom an action is pending upon a contract or for specific real

diversity actions in the federal courts of the United States today results from the employment of such tactics as are evident here.

The real issue before this court in the motion is justiciability or nonjusticiability. Under 28 U.S.C. § 2201 it is provided:

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Section 2202 provides for supplementary or complimentary action once the declaratory judgment has been issued. The movant contends that this court should dismiss under the authority of *State Farm Mutual Automobile Insurance Company v. Hugee, et al*, 115 F.2d 298 (4th Cir. 1940) which at first seems to be supportive of movant's position. An examination of that case reveals, however, that no justiciable controversy existed between the plaintiff and its insured, since both took the same position as to the liability and were, colloquially speaking, "in the same boat." The district judge had dismissed the complaint for lack of a justiciable controversy and the Fourth Circuit affirmed, with the following language:

The only possible ground of jurisdiction here is diversity of citizenship; and, when the parties are aligned in accordance with their respective interests, Patton's must be aligned with plaintiff and the neces-

sary diversity of citizenship is destroyed, as most of the defendants are citizens of the same state as Patton's. 115 F.2d at 301.

In the instant action, plaintiff alleges that the controversy exists between plaintiff and its insured Huggins concerning plaintiff's responsibilities and the right of Huggins to rely on the plaintiff not only for representation in the litigations pending but also for indemnity in the event of adverse judgments at the State level.

This court is mindful of the words of Chief Judge Parker in *American Fidelity & Casualty Co. v. Service Oil Co.*, 164 F.2d 478, 479 (4th Cir. 1947) holding:

If there is no substantial controversy between the insured and the company, they should be aligned on the same side of the case; [citations omitted] and, as this would place a citizen of South Carolina on the plaintiff's side of the docket, it would defeat jurisdiction whether the Service Oil Company were realigned or not.

The court held also that:

The granting of declaratory relief, however, is a matter resting in the sound discretion of the court; and the discretion is properly exercised when it appears that because of the pendency of another suit the suit for declaratory relief will serve no useful purpose. [481]

The case at bar, however, does not come within the authority of such reasoning.

Of course, had the plaintiff availed itself of the remedies provided, and sought relief in the state courts, there would be no question here and the suit would be dismissed to avoid a duplicity of actions, and in keeping with comity. Unfortunately, such a situation does not exist, and equally unfortunately, the

---

or personal property may, at any time before answer, upon affidavit that a person not a party to the action and without collusion by him makes against him a demand for the same debt or property and upon due notice to such person and the adverse party, apply to the court for an order to substitute

such person in his place and discharge him from liability to either party on his depositing in court the amount of the debt or delivering the property, or its value, to such person as the court may direct. The court may, in its discretion, make such an order.

court finds ample authority to burden itself with another diversity action.

The Supreme Court of the United States in *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S. Ct. 510, 85 L.Ed. 826 (1941) settled the issue raised by defendants' motion. There the original plaintiff issued a conventional liability policy to its insured, in which it agreed to indemnify the insured for any sums the latter might be required to pay to third parties for injuries to persons and property caused by automobiles hired by the insured. While the policy was in force, a collision occurred between an automobile driven by one Orteca and a truck driven by an employee of the insured. Orteca brought his action in the Ohio state court against the insured to recover damages resulting from injuries sustained in the collision. That action had not proceeded to judgment. Plaintiff Maryland brought action against Orteca claiming that under the terms of the policy it was not liable to defend the action by Orteca against the insured or to indemnify the latter if Orteca prevailed. Orteca demurred to the complaint on the ground that it did not state a cause of action against him. The District Court sustained his demurrer (it is obvious that the demurrer was the same as a motion under Rule 12(b)), and the Circuit Court affirmed. The United States Supreme Court reversed, stating:

> The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. . . . It is immaterial

that frequently, in the declaratory judgment suit, the positions of the parties in the conventional suit are reversed; the inquiry is the same in either case.

> That the complaint in the instant case presents such a controversy is plain. Orteca is now seeking a judgment against the insured in an action which the latter claims is covered by the policy, and sections 9510-3 and 9510-4 of the Ohio Code give Orteca a statutory right to proceed against petitioner by supplemental process and action if he obtains a final judgment against the insured which the latter does not satisfy within thirty days after its rendition.

> \*　\*　\*　\*　\*　\*

> It is clear that there is an actual controversy between petitioner and the insured. If we held contrariwise as to Orteca because, as to him, the controversy were yet too remote, it is possible that opposite interpretations of the policy might be announced by the federal and state courts.

312 U.S. at 273-74, 61 S.Ct. at 512 (citations omitted).

If this court were to dismiss the action against Coe and McCoy, it would mean that the issue, which can here be settled in one lawsuit, might require further litigation in the event of success by Coe and McCoy, or either, in the state court actions. Such a procedure is highly undesirable.

This court is mindful of the fact that the requirements for a justiciable controversy are as strict in declaratory judgment proceedings, as they are in any other type of suit. *Alabama State Federation of Labor, Local Union No. 103, United Bhd. of Carpenters and Joiners v. McAdory*, 325 U.S. 450, 65 S. Ct. 1384, 89 L.Ed. 1725 (1945). This court adopts the reasoning employed in *West v. Bank of Commerce and Trust*, 153 F.2d 566, 569 (4th Cir. 1946) wherein the Fourth Circuit ruled that

> A justiciable controversy is thus distinguished from a difference or

dispute of a hypothetical abstract character; from one that it is academic or moot. . . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interest. . . . It must be a real and substantial controversy admitting a specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts . . . Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages.

Additional authority for the issue here presented is *Aetna Casualty & Insurance Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937), where the substance of the Fourth Circuit's ruling was that a controversy existed and that the very justification for the existence of the right to maintain declaratory action is to expedite the ascertainment of rights, stabilize relations and dissipate uncertainty. The action plaintiff is pursuing in this forum is thus justified.

There is no request for an injunction here, and this court sees no reason to interfere with the processing of the state court actions. The motion to dismiss, however, must fail, for the reasons hereinabove set out.

The motion is refused.

And it is so ordered.