■ AMERICAN HOME ASSURANCE COMPANY, Appellant, v EMPLOYERS MUTUAL OF WARSAW, Respondent.—Order of the Supreme Court, New York County, entered November 23, 1977, denying plaintiff-appellant's motion for summary judgment declaring that the policy of defendant-respondent was in full force and effect for the accident of October 30, 1975, unanimously modified, on the law, without costs or disbursements, so as to delete from the first decretal paragraph thereof the words "as being premature", and otherwise affirmed. Special Term was in error in ordering that resolution of the dispute between the parties herein await the determination of the lawsuit between Mr. Suarez, the injured cameraman and Chinetti Motors, Inc., a foreign car dealer with offices in Connecticut and New York. Chinetti had rented one of its sports cars to Chance Three Productions for the purpose of making a television commercial and during the filming of that commercial in New York Mr. Suarez was injured by the automobile. Nothing in that lawsuit would shed light on the issue as to whether there was coverage by Employers, and if so, to what extent. However, we should not determine the extent of coverage in the absence of the injured party and the assured, who are indispensable parties to the resolution of that question. Employers' policy insured Chinetti via garage liability coverage in a combination casualty policy which had limits of $500,000/$1,000,000. Employers is now willing to undertake the defense of Chinetti although it initially disclaimed coverage claiming that the policy was a Connecticut policy which contained an exclusion of coverage for rented vehicles. Employers concedes that it must defend the claim and is willing to reimburse American for its defense thus far. That is all the order appealed from did. However, in view of the possibility that American's exposure, as "excess" carrier, may be great and Employers' exposure, as "primary" carrier, may be nominal, American may, if it wishes, participate in the defense of the underlying lawsuit. Concur—Birns, J. P., Silverman, Fein, Markewich and Sullivan, JJ.