383 S.E.2d 810

**Willetta Dawn CHRISTIAN**

v.

**Rodney Lee SIZEMORE and Hester Sizemore.**

**No. 18682.**

Supreme Court of Appeals of West Virginia.

July 14, 1989.

Joseph A. Colosi, Welch, for Christian.

Kermit J. Moore, Bluefield, for Sizemore.

MILLER, Justice:

This appeal involves the question of whether a plaintiff in a personal injury action may amend the complaint to add a count for declaratory judgment against an insurance carrier to determine its liability under the defendant's insurance policy. We conclude that such an amendment is within the contemplation of Rule 15(a) of the West Virginia Rules of Civil Procedure and of the Uniform Declaratory Judgments Act, W.Va.Code, 55–13–1, *et seq.*

In December, 1986, the plaintiff, Willetta Dawn Christian, brought an action for damages in the Circuit Court of McDowell County against Rodney Lee Sizemore and Hester Sizemore for personal injuries she allegedly received in an automobile accident. The Sizemores' insurance carrier, Federal Kemper Insurance Company (Kemper), subsequently disclaimed liability for coverage on the ground that the Sizemores' insurance policy had lapsed.

In July, 1987, Kemper filed a declaratory judgment action against the Sizemores and the plaintiff in the United States District Court for the Southern District of West Virginia to determine the issue of insurance coverage. Neither of the Sizemores responded to the complaint. The plaintiff moved to dismiss Kemper's action and, in January, 1988, filed a motion in state court to amend her complaint to add a count for declaratory judgment against Kemper on the coverage issue.

A hearing on the plaintiff's motion to amend her complaint was conducted before the circuit court in February, 1988. The plaintiff argued that the coverage issue could be most expeditiously and fairly resolved in state court and agreed to bifurcated trials on the declaratory judgment and tort actions. Nonetheless, the circuit court, by order dated June 13, 1988, denied the plaintiff leave to amend her complaint to incorporate the declaratory judgment count.[1] This appeal followed.

■ The principal issue on appeal is whether the trial court erred in refusing to allow the plaintiff to amend her complaint. The issue is controlled by Rule 15(a) of the West Virginia Rules of Civil Procedure, which provides, in part, that "leave shall be freely given when justice so requires."[2]

In Syllabus Point 3 of *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973), we stated:

"The purpose of the words 'and leave [to amend] shall be freely given when justice so requires' in Rule 15(a) W.Va. R.Civ.P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15

1. The parties represent that the federal district court has delayed ruling in the declaratory judgment action in that court pending our decision in this appeal.

2. Rule 15(a), W.Va.R.Civ.P., provides:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue."

A motion for leave to amend a complaint is addressed to the sound discretion of the trial court. *Nellas v. Loucas,* 156 W.Va. 77, 191 S.E.2d 160 (1972); *Perdue v. S.J. Groves & Sons Co.,* 152 W.Va. 222, 161 S.E.2d 250 (1968).

The circuit court here denied the plaintiff's motion to amend her complaint in reliance on *Davis v. Robertson,* 175 W.Va. 364, 332 S.E.2d 819 (1985), where we held, in Syllabus Point 1: "An injured plaintiff may not join the defendant's insurance carrier in a suit for damages filed against the defendant arising from a motor vehicle accident, unless the insurance policy or a statute authorizes such direct action." In *Davis,* we concluded that the defendant's insurance carrier could not be held liable in damages to an injured plaintiff until a judgment had been obtained against the insured. In this connection, we cited Syllabus Point 1 of *Broy v. Inland Mut. Ins. Co.,* 160 W.Va. 138, 233 S.E.2d 131 (1977):

" 'If an insured with coverage under a liability insurance policy does not pay the underlying judgment entered in a personal injury action, the injured plaintiff may institute a direct action against the insurance company to recover the amount of the judgment up to the limits of the policy.' " 175 W.Va. at 366, 332 S.E.2d at 821.

We recognized that such a rule was required to avoid the possibility of prejudice inherent in the unnecessary mention of insurance coverage at trial.

In this case, however, the plaintiff is not seeking to recover damages against the defendants' insurance carrier. Instead, she seeks a declaration that Kemper is required to provide insurance coverage to the defendants in the personal injury suit. This declaration is entirely ancillary to the personal injury suit for damages against the defendants.

The Uniform Declaratory Judgments Act authorizes courts of record to issue declarations of "rights, status and other legal relations *whether or not further relief is or could be claimed.*" (Emphasis added). W.Va.Code, 55–13–1.[3] The purpose of the Act is set forth in W.Va.Code, 55–13–12: "This article is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered." *See United Steelworkers of America v. Tri–State Greyhound Park,* 178 W.Va. 729, 364 S.E.2d 257 (1987); *Lorenze v. Church,* 172 W.Va. 369, 305 S.E.2d 326 (1983); *Shobe v. Latimer,* 162 W.Va. 779, 253 S.E.2d 54 (1979); *Robertson v. Hatcher,* 148 W.Va. 239, 135 S.E.2d 675 (1964).

Standing to bring a declaratory judgment action is conferred by W.Va.Code, 55–13–2, on "[a]ny person interested under a deed, will, written contract, or other writings constituting a contract...."[4] This Court has recognized that an injured plaintiff who has obtained a judgment against a defendant vehicle owner or operator is entitled to maintain a declaratory judgment action against the defendant's insurance carrier to impose liability under the policy.

---

**3.** W.Va.Code, 55–13–1, reads, in its entirety:

"Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

**4.** W.Va.Code, 55–13–2, provides, in its entirety:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

*Helvy v. Inland Mut. Ins. Co.*, 148 W.Va. 51, 132 S.E.2d 912 (1963).

■ In reliance on *Bias v. Nationwide Mut. Ins. Co.*, 179 W.Va. 125, 365 S.E.2d 789 (1987), *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 173 W.Va. 210, 314 S.E.2d 166 (1983), and *Anderson v. Mc-Donald*, 170 W.Va. 56, 289 S.E.2d 729 (1982), the plaintiff contends that we have also recognized the right to bring a declaratory judgment action in conjunction with an action for damages. We note, however, that although *Bias* is factually similar to this case, we did not have occasion there to discuss the procedural correctness of the joinder of the insurance companies.[5] In *Torbett*, we merely discussed the procedure by which a plaintiff in a declaratory judgment action could obtain further relief in the form of damages under Rule 57, W.Va. R.Civ.P.[6]

The *Anderson* case is more relevant. There, the defendant asserted that the plaintiff in an action for personal injuries had executed and then repudiated a written release of her claim. In his counterclaim, the defendant sought specific performance of the release. The plaintiff moved to make the defendant's insurance carrier, which had allegedly negotiated the release, a party to the original suit in order to resolve the question of the validity of the release. We concluded in Syllabus Point 1 of *Anderson*:

"When a release of liability is obtained by the representative of an insurance company and in a negligence action against the insured, the insured pleads the release as an affirmative defense pursuant to *W.Va.R.Civ.P.* 8(c), and the plaintiff has moved to join the insurance company as a party to the action, the trial judge may join the insurance company as a party to the action pursuant to *W.Va.R.Civ.P.* 20."

The Supreme Court of Virginia addressed a related issue in *Reisen v. Aetna Life & Casualty Co.*, 225 Va. 327, 302 S.E.2d 529 (1983), where the defendant's insurance carrier brought a declaratory judgment suit, contending that its policy did not cover the automobile accident in which the plaintiff had been injured. The plaintiff argued that declaratory judgment was premature because there had been no judgment against the insured. In dismissing this argument, the Virginia court quoted extensively from E. Borchard, *Declaratory Judgments* (2d ed. 1941):

"Some courts have erroneously assumed, 'contrary to overwhelming authority, that the issue between the company and the injured person is not ripe for adjudication because no judgment has yet been obtained by or against the insured or because there is only a "contingent future possibility of disputes." ' *Id.* at 636–37.

" 'This is to defeat one of the main purposes of the declaratory judgment, namely, to remove clouds from legal relations before they have become completed attacks or "disputes already

---

5. In *Bias*, the injured plaintiffs filed suit against (1) the owner of the vehicle, (2) the owner's liability insurance carrier, and (3) their own insurance carriers for uninsured and underinsured motorist coverage. Although one of the insurance carriers in that case contested coverage, the case came to us upon certified questions, none of which involved the propriety of joining a declaratory judgment action with a claim for damages for personal injury.

6. Rule 57, W.Va.R.Civ.P., provides:
"**Declaratory Judgments.** The procedure for obtaining a declaratory judgment pursuant to the West Virginia Uniform Declaratory Judgments Act, Code, chapter 55, article 13 [§ 55–13–1 et seq.], shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. A party may demand declaratory relief or coercive relief or both in one action. Further relief based on a declaratory judgment may be granted in the declaratory action or upon petition to any court in which the declaratory action might have been instituted. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."
In *Torbett*, we concluded that this rule superseded the provisions of W.Va.Code, 55–13–8, insofar as that statute required the filing of a separate complaint as a prerequisite to obtaining further relief.

ripened." If there is human probability that danger or jeopardy or prejudice impends from a certain quarter, a sufficient legal interest has been created to warrant a removal of the danger or threat. Naturally, some perspicacity is required to determine whether such danger is hypothetical or imaginary only or whether it is actual and material.' *Id.* at 637."

225 Va. at 334–35, 302 S.E.2d at 533.

The statement in *Reisen* is similar to the language of this Court in *Board of Education of Wyoming County v. Board of Public Works,* 144 W.Va. 593, 599–600, 109 S.E.2d 552, 556 (1959):

"The purpose of a declaratory judgment proceeding ... is to anticipate the actual accrual of causes for equitable relief or rights of action by anticipatory orders which adjudicate real controversies before violation or breach results in loss to one or the other of the persons involved. See *West Virginia–Pittsburgh Coal Company v. Strong,* 129 W.Va. 832, 42 S.E.2d 46; *Crank v. McLaughlin,* 125 W.Va. 126, 23 S.E.2d 56. Future and contingent events, however, will not be considered in a declaratory judgment proceeding and a declaration of rights will not be based on a future contingency. *The Town of South Charleston v. The Board of Education of the County of Kanawha,* 132 W.Va. 77, 50 S.E.2d 880."

Moreover, the result reached by the Supreme Court of Virginia appears to be in accord with decisions in other jurisdictions which permit an injured plaintiff to bring a declaratory judgment action against the defendant's insurance carrier to determine if there is policy coverage before obtaining a judgment against the defendant in the personal injury action where the defendant's insurer has denied coverage. *See Beeson v. State Auto. & Casualty Underwriters,* 32 Colo.App. 62, 508 P.2d 402, *aff'd,* 183 Colo. 284, 516 P.2d 623 (1973); *Atkinson v. Atkinson,* 254 Ga. 70, 326 S.E.2d 206 (1985); *Reagor v. Travelers Ins. Co.,* 92 Ill.App.3d 99, 47 Ill.Dec. 507, 415 N.E.2d 512 (1980); *Baca v. New Mexico State Highway Dep't,* 82 N.M. 689, 486 P.2d 625 (1971). *See generally* 22A Am.Jur.2d *Declaratory Judgments* § 124 (1988).

■ We believe that such a rule is consistent with the remedial purposes of the Uniform Declaratory Judgments Act. In cases such as this, there is an actual controversy between the insurance carrier and the injured plaintiff because of the very real possibility that the plaintiff will look to the insurer for payment. *See Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); *Government Employees Ins. Co. v. LeBleu,* 272 F.Supp. 421 (E.D.La.1967); *Reagor v. Travelers Ins. Co., supra; Standard Casualty Co. v. Boyd,* 75 S.D. 617, 71 N.W.2d 450 (1955). Permitting an adjudication of the respective rights and duties of the parties in the same proceeding as the underlying tort action also enhances judicial economy by avoiding multiple lawsuits and the possibility, as here, of separate proceedings in different courts. *See Maryland Casualty Co. v. Pacific Coal & Oil Co., supra; Independent Fire Ins. Co. v. Huggins,* 404 F.Supp. 865 (D.S.C.1975). Declaratory judgment also provides a prompt means of resolving policy coverage disputes so that the parties may know in advance of the personal injury trial whether coverage exists. This facilitates the possibility of settlements and avoids potential future litigation as to whether the insurer was acting improperly in denying coverage. Moreover, as this case demonstrates, the use of declaratory judgment protects the plaintiff from an insured who has no independent assets and is not concerned about insurance coverage. *See Federal Kemper Ins. Co. v. Rauscher,* 807 F.2d 345 (3d Cir.1986); *Hawkeye–Security Ins. Co. v. Schulte,* 302 F.2d 174 (7th Cir.1962).

Nor does the pendency of the declaratory judgment action necessarily require the disclosure of insurance coverage in the personal injury action. Generally, the decision to entertain a declaratory judgment action is addressed to the discretion of the trial court. *Hall v. Hartley,* 146 W.Va. 328, 119 S.E.2d 759 (1961). Where the coverage question is separable from the issues in the underlying tort action, it should ordinarily

be decided first, as it often may be dispositive of the personal injury litigation. *See Grain Dealers Mut. Ins. Co. v. Cady,* 318 N.W.2d 247 (Minn.1982); *American Home Assurance Co. v. Employers Mut. of Warsaw,* 64 A.D.2d 563, 406 N.Y.S.2d 826 (1978). Where, however, the facts involving the coverage question are intimately tied to the personal injury litigation, declaratory relief may and should be postponed or denied. *Home Ins. Co. v. Hillview 78 West Fire Dist.,* 395 So.2d 43 (Ala.1981); *Allstate Ins. Co. v. Fisher,* 31 Cal.App.3d 391, 107 Cal.Rptr. 251 (1973); *Murphy v. Urso,* 88 Ill.2d 444, 58 Ill.Dec. 828, 430 N.E.2d 1079 (1981); *Aetna Casualty & Surety Co. v. Kuhl,* 296 Md. 446, 463 A.2d 822 (1983); *Employers' Fire Ins. Co. v. Beals,* 103 R.I. 623, 240 A.2d 397 (1968). Adherence to these concepts should obviate any need to inject the insurance question into the personal injury action, thereby avoiding one of the underlying concerns in *Davis v. Robertson, supra.*

Finally, we see no particular procedural impediment in permitting the declaratory judgment claim with regard to the defendant's insurance coverage to be brought in the original personal injury suit rather than by way of a separate action. As we held in Syllabus Point 2 of *Anderson v. McDonald, supra:* "In a negligence action, the granting of a separate trial upon the issue of the validity of a release of liability rests within the discretion of the trial judge. *W.Va.R.Civ.P.* 42(c)." The circuit court is clearly authorized to use the same discretion with regard to severance for trial of separate declaratory judgment and negligence counts.

Here, the plaintiff agreed to separate trials on the issues of insurance coverage and negligence. There is every indication that resolution of the coverage issue by declaratory judgment will expedite the litigation below. As Kemper initiated a declaratory judgment action in federal court on the question of its liability under the insurance policy, it can hardly claim that it would be surprised or prejudiced by allowing the plaintiff to amend her complaint to raise the same issue in state court.

In summary, we conclude that permitting the plaintiff to amend her complaint to add a declaratory judgment count is consistent with the purposes of the Uniform Declaratory Judgments Act and Rule 15(a), W.Va. R.Civ.P. Accordingly, we reverse the judgment of the Circuit Court of McDowell County and remand this case for further proceedings consistent with this opinion.

Reversed and Remanded.