**Randell PRICE, Plaintiff,**

v.

**Mark A. MESSER, et al., Defendants.**

Civ. A. No. 2:94–0987.

United States District Court,
S.D. West Virginia,
Charleston Division.

Jan. 9, 1995.

---

Harry M. Hatfield, Madison, WV, Guy R. Bucci, Charleston, WV, and David N. Webster, Carl S. Kravitz and Laura J. Kerrigan, Caplin & Drysdale, Washington, DC, for plaintiff.

Jerry W. Cook, Cook & Cook, Madison, WV, and Daniel R. Schuda and Kelly R. Reed, Steptoe & Johnson, Charleston, WV, for defendants.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is the Plaintiffs' Motion to Remand. The parties have submitted memoranda in support of their respective positions and the matter is mature for the Court's consideration.

This action was initiated in the Circuit Court of Boone County, West Virginia on September 28, 1992. Plaintiff's original tort claim for negligence and products liability was filed against Defendants Messer, Toyota and C & O Motors. Defendants Toyota and C & O Motors settled out of the case prior to trial. Defendant Shelter Mutual Insurance Company did not provide a defense for Defendant Messer and made no offer of settlement.

On November 8, 1993, after a bench trial, the Circuit Court of Boone County entered a monetary judgment against Defendant Messer. The appeal and Rule 60(b) periods have now lapsed. To date, Plaintiff has been unable to collect any part of this judgment from Defendant Messer.

On October 6, 1994, with the approval of the state court, Plaintiff amended his complaint by adding claims against Defendant Shelter for a declaration of coverage under the West Virginia Declaratory Judgments Act and for damages allegedly caused by Defendant Shelter's bad faith refusal to settle. On November 10, 1994, more than two years after Plaintiff commenced his case in state court, Defendant Shelter removed the case to this Court. Removal was based upon the Court having original subject matter jurisdiction because the action involves citizens of different states and the amount in controversy exceeds fifty thousand dollars ($50,000.00).

The motion for remand asserts this case was removed improvidently and without jurisdiction. Grounds for this assertion include the untimely filing of defendant's notice of removal, Defendant Messer not joining in or consenting to Shelter's petition, there being no diversity jurisdiction because Plaintiff and Defendant Messer are both West Virginia citizens, and assuming diversity jurisdiction, this Court should abstain, nevertheless.

## I

### UNTIMELY FILING OF DEFENDANT'S NOTICE OF REMOVAL

■ Federal procedure requires a diversity case be removed, if at all, within one year after the commencement of the action in state court. 28 U.S.C. § 1446(b) (1991). The statute provides, in pertinent part,

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*"

28 U.S.C. § 1446(b) (emphasis supplied). The statute's legislative history further reveals:

"Subsection (b)(2) amends 28 U.S.C. 1446(b) to establish a one year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has

been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court."

House Committee on Judiciary, Judicial Improvements and Access to Justice Act, House Report No. 100–889, 100th Cong.2d Session (to accompany H.R. 4807), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032.

In a similar case, the defendant sought removal after being added as a defendant through the filing of an amended complaint. *Royer v. Harris Well Service, Inc.,* 741 F.Supp. 1247 (M.D.La.1990). The court remanded pursuant to Section 1446(b) because the underlying action had been pending in state court for more than one year. *Id.* The court stated,

"[I]t is immaterial that Shell Western was not added as a defendant until some four years after the suit was filed ... The clear language of section 1446(b) and its legislative history fail to support the defendant's contention. The amended petition contains no exceptions which the federal court may apply to suspend or interrupt the one year limitation."

*Id.* at 1248–49.

■ In this district, the one year cap of § 1446(b) is recognized to be a jurisdictional limitation that should be rigidly observed to prevent removal of diversity cases pending in state court for more than one year. *Whisenant v. Roach,* 868 F.Supp. 177 (S.D.W.Va. 1994) (Haden, C.J.); *Rashid v. Schenck Const. Co., Inc.,* 843 F.Supp. 1081 (S.D.W.Va. 1993).

"[B]y characterizing the one-year rule as a jurisdictional limitation, it is more rigidly enforced and accordingly better serves the interest of comity between state and federal courts, especially important where there has been substantial progress in state court before removal.... Characterizing the one-year cap as jurisdictional has the preferable affect [sic] of recognizing the right and intent of Congress 'to limit the jurisdiction of federal courts by distinguishing those diversity cases which have been pending in the state court longer than a year from those cases which have not.'"

*Rashid,* 843 F.Supp. at 1088 (citations omitted); *see also Beisel v. Aid Ass'n for Lutherans,* 843 F.Supp. 616 (C.D.Cal.1994) (Plaintiff added non-diverse defendant to defeat removal and effectuate remand; on remand, state court dismissed non-diverse defendant; nonetheless, second removal rejected because it was too late under one-year rule); *Baylor v. District of Columbia,* 838 F.Supp. 7 (D.D.C.1993) (case may not be removed on basis of diversity jurisdiction more than one year after commencement of action); *Hedges v. Hedges Gauging Service, Inc.,* 837 F.Supp. 753 (M.D.La.1993) (regardless of when a diversity case becomes removable, state court action cannot be removed to federal court more than one year after commencement of action in state court; it is Congress' responsibility, not the courts, to rewrite the removal statute to eliminate abuses or make an exception); *Perez v. General Packer, Inc.,* 790 F.Supp. 1464, 1469 (C.D.Cal.1992) (removal prohibited for new defendants added two and one-half years after state case commenced); *Santiago v. Barre Nat'l, Inc.,* 795 F.Supp. 508 (D.Mass.1992) ("[T]he plain language of the statute forbids removal on diversity grounds of cases which commenced in state court more than one year previously. The statute contains no exceptions to its prohibitory language."); *Auto Transports Gacela S. A. De C. V. v. Border Freight Distrib. & Warehouse, Inc.,* 792 F.Supp. 1471 (S.D.Tex. 1992) (§ 1446(b) barred removal by third-party defendant added more than a year after the commencement of state court action).

■ This action was commenced when the original complaint was filed in state court on September 28, 1992. The Defendant's notice of removal was filed over two years later on November 10, 1994. There is no principled basis to permit the late removal of this case merely because Shelter was added as a defendant in the amended complaint; especially, since Shelter had notice of this action from its inception.

■ Furthermore, the filing of an amended complaint on October 6, 1994 did not

commence a new action. Plaintiff obtained a judgment against Defendant Messer and now is attempting to collect that judgment from Messer's insurer, Shelter. Under these circumstances, West Virginia law unequivocally holds insurance/collection claims are properly joined in the same action with negligence claims, whether the joinder is effected prior to the tort judgment, *Christian v. Sizemore*, 181 W.Va. 628, 383 S.E.2d 810 (1989), or after, *Charles v. State Farm Mutual Ins. Co.*, W.Va.Sup.Ct., 452 S.E.2d 384 (1994) ("no error by allowing complaint to be amended after judgment to assert" insurance aspect; Slip Op. at 320, 322).

## II

## DEFENDANT MESSER NOT JOINING IN SHELTER'S PETITION

■ The removal statute provides "the defendant or the defendants" can remove an action. 28 U.S.C. §§ 1441(a) and 1446(a). This Court recently affirmed "[i]t is well-settled that 'all defendants must join in the petition for removal.'" *Gibson v. Tinkey*, 822 F.Supp. 347, 348 (S.D.W.Va.1993) (quoting *Means v. G & C Towing, Inc.*, 623 F.Supp. 1244 (S.D.W.Va.1986)). Defendant Messer did not join in or consent to Defendant Shelter's petition for removal of this action. Thus, the failure of all defendants to join in the petition for removal also mandates remand to the Circuit Court of Boone County.

## III

## COMPLETE DIVERSITY AMONG THE PARTIES

Defendant Shelter's petition for removal contends there is complete diversity because the Court should treat Defendant Messer as if he were no longer a party to this action. Alternatively, Shelter alleges if Defendant Messer is treated as a party, he should be realigned as a plaintiff, thereby creating diversity.

■ A plaintiff may join a claim against the tortfeasor with a related claim against the tortfeasor's insurer concerning coverage.

*Christian v. Sizemore*, 181 W.Va. 628, 383 S.E.2d 810 (1989). In *Christian*, the court upheld a plaintiff's right to amend his complaint to add a count for declaratory judgment against the defendant's insurance carrier. The court stated:

> "we see no particular procedural impediment in permitting the declaratory judgment claim, with regard to the defendant's insurance coverage to be brought in the original personal injury suit rather than by way of a separate action."

*Id.* Such an amendment is permitted because it "enhances judicial economy by avoiding multiple lawsuits and the possibility . . . of separate proceedings in different courts." *Id.* at 814. Prior to *Christian*, a related insurance action could not be brought until after first obtaining judgment on the injury claim. *Id.* at 812. In a more recent case, the plaintiff amended his complaint post-judgment to add claims against the insurer for declaratory judgment and bad faith refusal to settle. *Charles v. State Farm Mut. Ins. Co.*, W.Va.Sup.Ct., 452 S.E.2d 384 (1994). The court found "no error by allowing complaint to be amended after judgment to assert" insurance claims. *Id.*

■ It is well-settled law that an injured plaintiff may join as a co-defendant the defendant's insurance company subsequent to obtaining judgment against the insured. The Court concludes Defendants Messer and Shelter were properly joined under substantive principles of West Virginia law.

■ Likewise, there is no reason to realign Defendant Messer as a plaintiff in the action. In determining whether parties should be realigned for purposes of diversity, courts have developed two tests: the "principal purpose" test and the "substantial controversy" test. *See United States Fidelity & Guar. Co. v. A & S Manuf. Co.*, 839 F.Supp. 347, 349 (D.Md.1993) (discussing distinction between the two tests).

The "principal purpose" test requires the court first to identify the primary issue in controversy and then to determine whether an actual controversy exists between the opposing parties on that issue. *See Employers*

*Ins. of Wausau v. Crown Cork & Seal Co.,* 942 F.2d 862 (3d Cir.1991); *Zurn Indus., Inc. v. Acton Constr. Co.,* 847 F.2d 234 (5th Cir.1988); *United States Fidelity & Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085 (6th Cir.1992) ("If no antagonism exists over the primary issue in dispute between the opposing parties, then realignment is proper."); *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519, 1523 n. 2 (9th Cir.1987).

The "substantial controversy" test only requires the court to determine whether a substantial conflict exists between opposing parties, regardless of whether the conflict concerns the primary issue. *See American Motorists Ins. Co. v. Trane Co.,* 657 F.2d 146 (7th Cir.1981); *Universal Underwriters Ins. Co. v. Wagner,* 367 F.2d 866 (8th Cir.1966); *Farmers Alliance Mut. Ins. Co. v. Jones,* 570 F.2d 1384 (10th Cir.), *cert. denied,* 439 U.S. 826, 99 S.Ct. 97, 58 L.Ed.2d 119 (1978).

■ The Court must examine initially the facts that existed at the time when the action commenced. *Farmers Alliance,* 570 F.2d at 1387; *see also Scott v. Fancher,* 369 F.2d 842 (5th Cir.1966). The "facts which form the basis for realignment must have been in existence at the time the action was commenced. Subsequent events will not deprive the court of its jurisdiction over parties properly aligned." *American Motorists Ins. Co. v. Trane Co.,* 657 F.2d 146, 149 (7th Cir.1981).

Under the "principal purpose" test, the Plaintiff's principal purpose for filing this action was to prove Defendant Messer's negligence and recover damages. Plaintiff and Defendant Messer obviously occupied adversarial positions on these purposes. Plaintiff remains in an adversarial posture with Defendant Messer because of the substantial monetary judgment against Messer remaining unpaid and outstanding. Likewise, using the "substantial controversy" test, there was a substantial conflict between Plaintiff and Defendant Messer.

■ This Court finds realignment is not warranted under either test. The insurance claim against Defendant Shelter was properly joined with the negligence claim against Defendant Messer. Thus, complete diversity does not obtain because Plaintiff and Defendant Messer are West Virginia residents.

Because of the foregoing rulings there is no occasion to address abstention principles.

## IV

### FINDINGS AND CONCLUSION

The Defendants' removal was ill-advised. A cursory examination of the applicable law should have revealed a federal district court does not have jurisdiction in this case. Because the removal was improvident, the Court GRANTS the Plaintiffs' Motion to Remand to the Circuit Court of Boone County, West Virginia for all further proceedings.

Pursuant to 28 U.S.C. § 1447(c), the Court may award Plaintiffs just costs and any actual expenses, including attorney fees, incurred as a result of the improvident removal. *Whisenant v. Roach,* 868 F.Supp. 177 (S.D.W.Va. 1994). (Haden, C.J.); *see also Gibson v. Tinkey,* 822 F.Supp. 347, 349 (S.D.W.Va.1993) (awarding costs because removal had been taken against "well-settled law"). The Court will defer considering awardable fees and costs pending Plaintiff counsel's submission of appropriate documentation and itemization of claimed costs and fees. If fee application is made, counsel should include the hourly compensation rate specified in counsel's employment contract with the Plaintiffs, if available. Plaintiff counsel's itemization of costs and fees is to be submitted to the Court within ten (10) days of the date this Order is entered, accompanied by an affidavit stating that the amounts listed therein are accurate to the best of counsel's knowledge and were reasonable and necessary to contest removal.