Robert **BOOTH** and Yvonne
Booth, Plaintiffs,

v.

**FURLOUGH, INC.**, Defendant and
Third–Party Plaintiff,

and

Star Enterprises, Inc., Third–
Party Defendant.

No. 2:97CV867.

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 11, 1998.

Jesse Marden Suit, III, Carroll Arthur Rutter, Jr., Rutter & Montagna, Norfolk, VA, for Plaintiffs.

Morton Hutchinson Clark, Vandeventer, Black, Merdith & Martin, Norfolk, VA, for Defendant & Third Party Plaintiff.

Ernest Wayne Powell, Powell and Arrighi, Richmond, VA, for Third Party Defendant.

## *ORDER and OPINION*

MORGAN, District Judge.

This matter is before the Court on third-party defendant Star Enterprise, Inc.'s ("Star") motion to remand the case to the

state court from which it was removed. The Court conducted a hearing on January 29, 1998 and **GRANTED** Star's motion to remand. This opinion sets forth the Court's reasoning in more detail.

### Factual and Procedural History[1]

On May 28, 1992, the tugboat MISS JANET, owned and operated by defendant and third-party plaintiff Furlough, Inc. ("Furlough"), arrived at a petroleum refinery dock owned by Star in Delaware City, Delaware. The MISS JANET was towing a barge, the JEANNE MARIE, and approached the Star dock to load petroleum cargo for transport. When the tug arrived at the Star terminal, Furlough employees attempted to contact the Star dock master in an effort to secure line handlers who would moor the barge and tug to the terminal pier. The dock master failed to respond, however, and Robert Booth, the MISS JANET mate, decided to jump from the barge onto the dock to secure the lines himself. When he landed on the dock, Booth sustained serious injuries to his foot and ankle.

On October 17, 1994, Robert Booth and his wife, Yvonne Booth, filed suit in the Circuit Court for Hillsborough County, Florida. The Booths sought damages from Furlough, under the Jones Act and general maritime jurisdiction, and from Star, under general maritime law. The Booths, Florida residents, failed to gain personal jurisdiction over Furlough, a Virginia corporation, but did gain such jurisdiction over Star, a Delaware corporation.

On July 28, 1995, the Booths filed a motion for judgment in the Circuit Court for the City of Norfolk seeking damages from both Furlough and Star for the injuries sustained by Mr. Booth. On May 21, 1996, a Stay was entered in the Florida action. Finding that the statute of limitations had run against defendant Star, the Norfolk Circuit Court dismissed Star as a party defendant on February 11, 1997.[2] Thereafter, the Florida court removed the Stay, and Star was dismissed as a party defendant in the Florida action on April 21, 1997.

On September 8, 1997, Furlough filed a Notice of Removal with this Court, alleging that Furlough and the plaintiffs had agreed to the removal and "expressly waive the requirements of 28 U.S.C. § 1446(b), which requires that Notice of Removal be filed within thirty days after receipt by the defendant of a copy of the initial pleading." Notice of Removal at 2. On October 22, 1997, Furlough made a motion to bring a Third-Party Complaint against Star. On that same day, Senior District Judge John MacKenzie granted the motion and ordered the Third-Party Complaint filed.

The Third-Party Complaint alleges that Star breached its duty of care to Booth and Furlough and that Star breached its duty of workmanlike service to Furlough. The Third-Party Complaint seeks indemnity and/or contribution from Star for any judgment that may be assessed against Furlough.

Star was served with a copy of the Third-Party Complaint on December 5, 1997. On December 26, 1997, Star filed a host of motions including (1) a motion for remand; (2) a motion to dismiss; (3) a motion to change venue; (4) a motion for sanctions; and (5) a motion to continue.

### I. The Motion to Remand

Star alleges that Furlough improperly removed the case from the state court because the thirty day removal time period had run, as had the one-year absolute removal period governing removal in diversity cases. Star argues that the other parties in this case are merely forum shopping in an effort to circumvent the state judge's dismissal of Star on statute of limitations grounds.

---

1. The burden is upon the party opposing remand to prove such facts as will entitle it to such. Accordingly, the facts are stated in the light most favorable to the party seeking remand and constitute no findings of fact with respect to further proceedings in this case.

2. The Virginia state court judge concluded that a dock, where this accident occurred, is considered land for purposes of establishing maritime jurisdiction. Accordingly, he found that state law controlled and that Virginia's procedural two-year statute of limitations applied to the Booths' claim against Star. Since the suit was filed more than two years after the Booths' cause of action accrued, Star was dismissed as a party defendant.

The Booths respond that the failure to remove within the thirty day time limit of § 1446 is a waivable, nonjurisdictional defect. The Booths allege that, in addition to the diversity jurisdiction stated in the Notice for Removal, federal question jurisdiction exists because the case was filed under the Jones Act and general maritime law. Moreover, the Booths charge that federal question jurisdiction exists as to Star because the breach of warranty and breach of contract claims against Star by Furlough relate to general maritime law and are within the court's original maritime jurisdiction.

### Analysis

■ The removal statute provides:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days of receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion or order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that **a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity of citizenship] more than 1 year after commencement of the action.**

28 U.S.C. § 1446(b) (emphasis added). Statutes conferring removal jurisdiction are to be strictly construed and enforced in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Where removal has been accomplished, "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

In the Notice of Removal, Furlough alleged diversity of citizenship jurisdiction as the basis for removal, but did not invoke federal question jurisdiction. Thus, Star argues, Furlough violated the one year time period specified in § 1446(b) by removing the

case to this Court. The Fourth Circuit has not decided whether the one year time period is absolute, but language from *Lovern v. General Motors Corp.*, 121 F.3d 160, 161 (4th Cir.1997) implies that the provision is mandatory. There, defendant General Motors failed to remove the case within the 30 day statutory time frame, but asserted that the Complaint was ambiguous and that removal grounds could not be explicitly ascertained from the face of the Complaint. *Id.* at 162. The Court agreed that the 30 day time limit for removing a case could be extended where details permitting removal are obscured in the initial pleading, and noted that "in diversity cases, the statute explicitly safeguards against such a strategic delay **by erecting an absolute bar** to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 'more than one year after commencement of the action.'" *Id.* at 163 (emphasis added) (citations omitted); *see also Price v. Messer*, 872 F.Supp. 317, 319 (S.D.W.Va.1995) (concluding that remand was proper where the defendant removed the case to federal court on diversity of citizenship grounds more than two years after the plaintiff had commenced the case in state court because "in [the Southern District of West Virginia], the one-year cap of § 1446(b) is recognized to be a jurisdictional limitation that should be rigidly observed to prevent removal of diversity cases pending in state court for more than one year." (citations omitted)). *But see Saunders v. Wire Rope Corp.*, 777 F.Supp. 1281, 1285 (E.D.Va.1991) (finding that where application of absolute bar would reward plaintiff for waiting more than one year to serve the defendant, court will not enforce the bar because enforcement would encourage "manipulation and inaction.")

Although not specified in the Notice of Removal, grounds exist for federal question jurisdiction based on the Booths' Jones Act and general maritime jurisdiction claims against Furlough.[3] If Furlough were now allowed to assert federal question jurisdiction

---

**3.** Furlough's primary claims against Star are contract claims, and the United States Supreme Court has noted that "the general doctrine that in contract matters admiralty jurisdiction depends upon the nature of the transaction and in tort matters upon the locality, has been so frequently asserted by this court that it must now be

treated as settled." *Grant Smith–Porter Ship, Co. v. Rohde*, 257 U.S. 469, 476, 42 S.Ct. 157, 66 L.Ed. 321 (1922). Because Furlough's claims are contractual, it appears that Furlough would enjoy federal question jurisdiction over its third-party claims against Star.

as the basis for removal, the one year bar for diversity removal would not be at issue. Instead, the thirty day rule that "the notice of removal of a civil action **shall** be filed within thirty days after filing by the defendant" is the applicable bar that this Court must address. (emphasis added). *See* 28 U.S.C. § 1446(b). Because more than two years elapsed between the initial filing and Furlough's removal of the case, the thirty day time limit was violated.

■ The Fourth Circuit addressed the thirty day rule in *Lovern,* noting that "we conclude that only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days." 121 F.3d at 162. The District Court for Rhode Island cogently explained the rationale for the thirty day requirement:

> The thirty day limitation mandated by § 1446(b) has a dual purpose. On the one hand, it forecloses a defendant from adopting a "wait and see" approach in the state court; specifically, it prevents a second bite at the jurisdictional apple if a defendant (belatedly) perceives that the case is proceeding other than to his liking. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Association,* 668 F.2d 962, 965 (7th Cir.1982). On the other hand, the statutory requirement minimizes the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in state court.

*Gorman v. Abbott Laboratories,* 629 F.Supp. 1196, 1199 (D.R.I.1986). This Court implies from the Fourth Circuit's statement in *Lovern* that a defendant presented with an obvious ground for removal in the initial pleading, as Furlough was, must remove the case within the 30 days or forfeit that right.

The *Lovern* quotation, coupled with the plain language of the statute, imply that the removal statute is jurisdictional and that its terms may not be waived. To the contrary, Furlough cites case law supporting its position that the thirty day time period is procedural and waivable. In *Intercoastal Refining Co. v. Jalil,* 487 F.Supp. 606, 607–08 (S.D.Tx.1980), the court noted that:

> Removal proceedings are in the nature of process to bring the parties before a feder-

al court and mere procedural defects are not jurisdictional. Consequently any defect in the removal process that does not go to the jurisdiction of the federal court to which the action is removed is waivable. . . .

(citations omitted); *see also Barnes v. Westinghouse Electric Corp.,* 962 F.2d 513, 516 (5th Cir.1992) (concluding that the one year diversity removal bar is a waivable, nonjurisdictional defect); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir. 1980) ("The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional."). *But see Nasco v. Norsworthy,* 785 F.Supp. 707, 711 (M.D.Tenn.1992) (concluding that where diversity existed at time plaintiff filed suit and defendant failed to timely remove the case, defendant lost right to later remove when a non-diverse party was added, then dismissed from the suit); *Gorman,* 629 F.Supp. at 1199 ("The right to remove is of finite duration; if not activated promptly, it self-destructs. . . . Failure of a defendant to embark upon removal within the statutorily alloted time causes the right to perish.")

Thus, the Court is presented with a situation where a statute with apparently absolute language may be waivable in some circumstances. If the court allows such waiver, Rule 14(c) of the Federal Rules of Civil Procedure would produce a result in conflict with the state court's findings. Rule 14(c) provides:

> When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action

shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff. Fed.R.Civ.P. 14(c). Thus, Star would potentially be placed in the position of defending itself against the Booths' claims even though a state court has already ruled that the statute of limitations has expired on those claims.

The question of whether a plaintiff and defendant may voluntarily join together to waive the time requirements of § 1446(b), over the objection of a third-party defendant, appears to be one of first impression in this Circuit. The Court assumes, without deciding, that the applicable provisions of § 1446 may be waived in some circumstances, but believes that such provisions may be waived only with the Court's concurrence.[4] The Court believes that "there is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures." *Spillers v. Tillman,* 959 F.Supp. 364, 368 (S.D.Miss.1997).[5]

If the Court allows removal in this case, then it appears that, under Rule 14(c) of the Federal Rules of Civil Procedure, the Booths can sue Star in a direct action. The Court finds such a result troublesome; the state court has already addressed the issue of a direct action against Star by the Booths and concluded that the applicable statute of limitations bars such an action. Removal to this Court would have the effect of giving the Booths a second chance to litigate an issue which has already been decided by the state court. Given federalism and comity principles, this Court must accord deference to the decisions of state courts and be sensitive to the potential for encroaching on state court authority. The policy of a federal court should not be to encourage procedural manuevers that have the effect of nullifying state court rulings.

A number of other factors weigh in favor of remand. The parties had grounds for removal on October 17, 1994 when this case was filed in a Florida state court and again on July 28, 1995 when this case was filed in the Virginia state court. Both diversity of citizenship grounds and federal question grounds existed, and the parties could have taken advantage of § 1446 and removed the case to federal court at that point. Instead, the parties waited almost three years before removing the case on the basis of diversity of citizenship jurisdiction. During that period, the state court had conducted hearings and presumably become familiar with the factual and legal issues in the case. Under either diversity or federal question removal grounds, Furlough violated the express time limits specified in § 1446(b), time limits imposed to prevent the sort of delay in removal to federal court that is evident in this case. Removal to this court would nullify or at least raise the possibility of amending the state court's ruling in favor of trespass upon judicial resources. *See Wilson,* 668 F.2d at 965 (finding that defendants who could have initially removed but waited until after adverse state court rulings to do so were barred from extending the thirty day time limit).

In considering whether to accept the parties' waiver, the Court must also consider the harm to the third-party, Star, who was denied an opportunity to contest removal at the initial removal stage. Star timely asserted its objection to removal, noting that it would be prejudiced by inclusion in a lawsuit to which it had previously been dismissed as a defendant. Star's objection provides the Court with another valid remand ground.

Given the expiration of the well-defined time limits of § 1446(b), the delay in removal and the attempted circumvention of the state court's ruling,[6] the Court refuses to assent to a waiver of § 1446(b)'s time limits. Accordingly, the Court **GRANTS** the motion to remand.

---

4. Furlough has cited case law supporting waiver of the absolute terms of § 1446(b), but the Court questions, in light of the statute's plain meaning and language from *Lovern,* whether the Fourth Circuit would be inclined to allow such waiver.

5. To the extent that this Court has discretion with respect to removal, it exercises such discretion in favor of remand.

6. The Court is not implying that the parties' attempt to voluntarily waive the time limits of § 1446(b) was improper. To the contrary, the absence of case law on this issue provided the parties with a good faith basis for seeking removal.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

It is so **ORDERED.**