■ General Motors Acceptance Corporation et al., Respondents, v Nationwide Insurance Company, Appellant. [773 NYS2d 293]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered January 13, 2003, in favor of one automobile liability carrier (Firemen's) against another (Nationwide), in an action to recover the reasonable attorneys' fees and expenses incurred in defending personal injury actions arising out of an accident, unanimously affirmed, with costs.

The underlying actions were brought against the driver of a rental car. By virtue of the lease, the rental company is an additional insured under the driver's policy with Nationwide; the rental company is also separately insured under a much larger policy with Firemen's. Nationwide does not dispute that it is the primary insurer and that Firemen's is the excess insurer, and that a primary insurer is generally obligated to defend without entitlement to contribution from an excess insurer (see Firemen's Ins. Co. v Federal Ins. Co., 233 AD2d 193 [1996], lv denied 90 NY2d 803 [1997]), even where the primary insurer's exposure is nominal and the excess insurer's exposure is great (see American Home Assur. Co. v Employers Mut. of Warsaw, 64 AD2d 563 [1978]). Instead, Nationwide argues that the general rule does not apply where, as Nationwide did in one of three ac-

tions arising out of the accident, the primary insurer tenders its entire policy to the plaintiff in the underlying action in full settlement of the claim against the primary insured, and then tenders control of the additional insured's defense to the excess insurer. However, as the motion court held, Nationwide's duty to defend could not have been terminated by a tender that was conditioned on the driver's release and rejected by the plaintiffs in the underlying action, or by an assumption of the rental company's defense by Firemen's that was subject to an express reservation of right to collect defense costs from Nationwide. We have considered and rejected Nationwide's other arguments, including that defense costs should be allocated on a pro rata basis by settlement amount, and that it was an abuse of discretion to award prejudgment interest in an action that is essentially equitable in nature. Concur—Nardelli, J.P., Mazzarelli, Friedman and Gonzalez, JJ.