# CHARLESTON.

JOHN B. STROTHER *et al. v.* HARRY C. MORRISON *et al.*   .

(No. 5326)

Submitted September 22, 1925.   Decided September 29, 1925.

1.  ACTION—*If Justice Will be Promoted by Staying Proceedings Until Decision of Pending Cause in Same or Another Court Settles Matter in Controversy, Stay Should be Granted.*

    Where it clearly appears that justice will be promoted .by staying further proceedings in a cause until the decision of some other cause pending in the same or another court, and that such decision will settle the matter in controversy in the cause in which a stay is asked, such stay should be granted as provided by section 6 of chapter 136 of the Code. (p. 8.)

2.  COSTS—*If Cause is Reversed on Cross-Assignment of Error, on Showing That Rights of Parties Depend on Final Determination of Prior Suit in Same or Another Court, Appellate Court Should Generally Decree That Costs of Appeal Abide Result of Former Pending Suit.*

    Where a cause is reversed, on cross assignment of error by appellee, because of ,error introduced therein by appellant, and it appears that the rights of the parties depend on the final determination of a prior suit in the same or another court, and it can not be said that either party to the appeal prevails, the appellate court should generally decree that the costs of the appeal abide the result of the former pending suit.   (p. 10.)

Appeal from Circuit Court, Harrison County.

Suit by John B. Strother and another against Harry C. Morrison and wife for an injunction.   From a decree dissolving a temporary injunction .and dismissing plaintiffs' bill, plaintiffs appeal.

*Reversed.*

*Strother & McDonald,* for appellants.

*A. F. McCue,* for appellees.

MILLER, JUDGE:

The plaintiffs, John B. Strother and David H. Strother, sought by their bill in this cause, to enjoin the defendants,

Harry C. Morrison and Flora Morrison, his wife, from interfering with or obstructing them in the use and enjoyment of a certain right of way over defendants' lands, and, in the alternative, they prayed for the establishment of a convenient way across said property.

From the pleadings and evidence filed in the cause, it appears that on January 21, 1898, James H. Morrison, father of the defendant Harry C. Morrison, and now deceased, "for and in consideration of the sum of thirty dollars in hand paid, * * * and the choice of two certain lots in said tract or cemetery Nos. 33 and 42," sold and conveyed with covenants of general warranty, to Samuel Fittro, John B. Strother and others, trustees for Wilsonburg Council No. 130, Jr. O. U. A. M., and their successors in office, a parcel of land containing 45796 square feet, "to have and to hold to themselves and their successors in office, now and forever, and all parties who may purchase lots of said trustees, or their successors in office, are to have ingress and egress to and from said cemetery, in and over one road way to be laid out for that purpose, said road way to be a gate way, and made and kept up at the expense of the parties of the second part."

The tract of land so conveyed was entirely surrounded by the lands of the grantor, with no way of ingress or egress except over his lands. By deed of June 26, 1902, pursuant to a decree of the Circuit Court of Harrison County, as recited in said deed, the above named trustees sold and conveyed to Charles D. Elliott the lot in question, for a valuable consideration, the said grantee "to have, use and enjoy the same right of access to and from said land" as was granted to said trustees. In 1903 Elliott sold and conveyed the same lot to John B. Strother, one of the plaintiffs in this suit, with all such rights as had been conveyed to him, but no further rights, the deed further reciting that "the party of the second part assumes all risks as to title of the party of the first part." In March, 1905, Strother sold the same parcel of land to Martin L. Ward, and on the same day Ward conveyed it to Michael J. Francis, each of the deeds containing the same recitals as to title as contained in the deed from Elliott to Strother. In 1921 the property came into possession of

plaintiffs by deed from the executor of Michael J. Francis. The defendants are the son and daughter-in-law of James H. Morrison, deceased, and the present owners of lands over which plaintiffs claim the right of way in controversy.

In 1905 James H. Morrison filed his bill in the Circuit Court of Harrison County, making defendants thereto Michael J. Francis, the Hutton Gas Company, and the trustees of Wilsonburg Council No. 130, Jr. O. U. A. M. The bill alleged that the lot in question was conveyed to the said trustees to be used by them and their successors as a cemetery, and for no other purpose; that the principal consideration in the deed therefor was the provision that the grantees were to reconvey to plaintiff two burial lots; that in pursuance of the said agreement the grantees proceeded to and did lay off the whole property into convenient burial lots; that thereafter the said grantees abandoned said lot as a burial place, and caused such bodies as had been interred therein to be removed, and attempted to institute proceedings in court to sell the said property, in pursuance of which they attempted to sell said lot to Charles D. Elliott; that after said property had come into possession of Michael J. Francis, the Hutton Gas Company had desecrated said lot by erecting thereon a derrick and drilling therein an oil and gas well, which rendered said lot wholly unfit for burial purposes. Plaintiff further alleged that he was misinformed as to the purport of his deed to the trustees of Wilsonburg Council, and that the failure to express the real intent of the parties was due to the mutual mistake of the parties thereto; and asked that a discovery be made as to the title of Francis and the Hutton Gas Company; that the deed to the trustees of Wilsonburg Council be reformed, and that Michael J. Francis be held to hold the property for him in trust; and that said Francis, the Hutton Gas Company, and the said trustees be required to reconvey to him all the property and rights conveyed by him to said trustees.

How far the former suit had been proceeded with does not clearly appear; but in their answer to the present suit, the defendants therein say that the very same · matters sought to be raised in this cause are now pending and undetermined

in the circuit court in said former suit; that the plaintiff, John B. Strother, is a defendant in that suit; and that these plaintiffs should not be permitted to maintain a new suit during the pendency of the former, as will more fully appear to the court from the voluminous record therein; and they pray that the present suit be stayed until the termination of the old suit set out in their answer.

Upon the pleadings in the cause, and the depositions and other evidence filed therein, the circuit court was of opinion to, and did dissolve, the temporary injunction theretofore awarded, and dismissed plaintiffs' bill.

By their pleadings and the evidence introduced into the record to support the same, plaintiffs did not rely wholly on grants of the right of way by James H. Morrison, but also to a way by prescription by use of an old road which appears to have been in existence at the time the deed from Morrison to Wilsonburg Council was executed, and to a way of necessity; and prayed in the alternative, if the court should find that they were not entitled to the way claimed, that defendants be required to grant them a right of way as accessible and convenient as the one now obstructed by defendants, so as to restore to them an open and unobstructed way through the lands of said defendants to and from the lot in question.

From an opinion filed in the cause by the circuit court, it appears that the court not only held that plaintiffs have no right of way for the purposes for which they now claim under deeds from James H. Morrison, but that they have no right to a way of necessity, because the grant of the lot was for cemetery purposes only, and that any right of way from and to said lot must be limited to uses consistent with that grant, and cannot be enlarged.

A number of questions are raised and relied on by the parties to this appeal; but in view of our conclusion we shall discuss but the one on which we think our decision must rest, whether or not further proceedings in the present cause should have been stayed pending a decision of the former suit instituted by James H. Morrison in 1905.

Section 6, chapter 136 of the Code, provides: ''Whenever it shall be made to appear to a circuit court, or to a judge .

thereof in vacation, that a stay of proceedings in a case therein pending, should be had, until the decision of some other action, suit, or proceeding in the same, or another court, such court or judge shall make an order staying proceedings therein, upon such terms as may be prescribed in the order." *Keenan* v. *Scott*, 78 W. Va. 729. From the answer of defendants herein, and the nature of the present suit, it clearly appears that if the former suit should be decided in favor of the plaintiff therein, plaintiffs in this suit could not maintain· their bill. And if defendants in the former suit should prevail, then the present owners of the lot in controversy will necessarily have right to a right of way to and from said lot. "A way of necessity arises as incident to a grant of land, surrounded wholly by that of the grantor, when otherwise the land granted would not be accessible, and the grantee would derive no benefit from the grant." 2 Minor's Inst. 19; *Woolridge* v. *Coughlin*, 46 W. Va. 345; *Boyd* v. *Woolwine*, 40 W. Va. 282. Whether or not the original grant of a right of way in the deed from James H. Morrison to the trustees of Wilsonburg Council can be extended to any use the present owners of the lot desire to make of it, we need not here say; nor can we say whether or not the grant in the original deed limited the use of the lot thereby conveyed to cemetery purposes; for that is the one question involved in the former suit of James H. Morrison, and depends on all the pleadings and evidence filed therein; and that case is now pending in the circuit court, and not before us on this appeal. But it clearly appears that the determination of the question raised by the original suit will be conclusive of the rights of the parties to the present bill. The only question here is as to plaintiffs' rights to a right of way, and that must depend on their rights in the lot in controversy in the former suit. "Where the judgment or decree in another suit will have legal operation and effect in the suit in which a stay is asked and settle the matter in controversy in it, and such stay is essential to justice it should be made as provided by section 6, chapter 136, Code." *Keenan* v. *Scott, supra*. Plaintiffs are pendente lite purchasers with notice, and it appears that the plaintiff, John B. Strother, as a trustee of Wilsonburg Council was an actual

party to the old suit. This being so, plaintiffs can have no better title than had Michael J. Francis, from whose executor they acquired the property, and will be bound by the final decree in the former suit, whether they were parties to that suit or not. *Wilfong* v. *Johnson,* 41 W. Va. 283; *O'Connor* v. *O'Connor,* 45 W. Va. 354; *Shumate's Ex'or.* v. *Crockett,* 43 W. Va. 491; *Linn* v. *Collins,* 77 W. Va. 592.

It clearly appearing that the questions arising in the former suit will determine the rights of the parties to the present suit, and that justice will be promoted by awaiting the decision of that cause, we are of opinion that the circuit court erred in not staying the proceedings herein until a final determination of the questions presented by the suit of James II. Morrison against Michael J. Francis and others.

As to costs on this appeal: appellants prevail in having the decree in the court below against them reversed, but the decree is reversed on appellees' cross assignment of error, and whether appellants will be benefitted by the appeal depends wholly on the final determination of the questions presented in the former pending suit. To decree costs to appellants here, when the error calling for reversal was introduced into the cause by them, would be an injustice to appellees, if they prevail in the other suit. We are, therefore, of opinion that the question of costs should abide the decision of that suit settling the questions upon which appellants' rights depend.

The decree will be reversed.

*Reversed.*