724 S.E.2d 763

STATE of West Virginia ex rel., Julie Massanopoli PIPER, Administratrix of the Estate of William Lee Piper, Deceased, Petitioner

v.

Honorable David H. SANDERS, Judge of the Circuit Court of Jefferson County; and Robin Skinner Prinz, as Personal Representative for the Estate of Kyle Hoffman, Jr., Respondents.

No. 11–1615.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 8, 2012.

Decided March 23, 2012.

---

Michael D. Lorensen, Esq., Jared M. Adams, Esq., Bowles Rice McDavid Graff & Love, Martinsburg, WV, Attorneys for Petitioner.

Stephen G. Skinner, Esq., Skinner Law Firm, Charles Town, WV, Attorney for Respondent Robin, Skinner Prinz.

PER CURIAM:

Petitioner Julie Massanopoli Piper, Administratrix of the Estate of William Lee Piper, asks this Court for a writ of prohibition to prevent the Circuit Court of Jefferson County from enforcing its denial of a stay of the underlying wrongful death action pending final resolution on appeal of a declaratory judgment involving insurance coverage against State Farm Fire & Casualty Company. For the reasons that follow, this Court denies the writ.

## I.

### FACTS

In October 2007, Kyle Hoffman, Jr. was a passenger in an automobile driven by William Piper when the automobile was involved in an accident resulting in the deaths of Mr. Hoffman and Mr. Piper.

In October 2009, Robin Skinner Prinz, as Administratrix of the Estate of Kyle Hoffman, Jr., the plaintiff below and respondent herein, filed a complaint in the Circuit Court of Jefferson County which contained four counts. Relevant to the instant case, count one of the complaint asserts a wrongful death claim against Julie Massanopoli Piper, as Administratrix of the Estate of William Piper, the defendant and petitioner herein, and count four asserts a declaratory judgment claim against State Farm Fire & Casualty Company (hereinafter "State Farm"). According to the complaint, William Piper's grandfather maintained a personal liability umbrella policy through State Farm which provided coverage to William Piper as a relative whose primary residence was his grandfather's household.

The parties filed a joint motion to bifurcate the wrongful death and declaratory judgment actions and moved for a stay of the wrongful death claim pending a full and final resolution of Respondent Prinz's declaratory judgment action against State Farm. In July 2010, the circuit court granted the motions to bifurcate and to stay the wrongful death action pending resolution of the declaratory judgment action.

The circuit court conducted a jury trial on the declaratory judgment action in June 2011, in which the jury found that the State Farm umbrella policy provides liability coverage for the allegedly negligent actions of William Piper in the death of Kyle Hoffman, Jr.

The circuit court subsequently entered a scheduling order, to which none of the parties objected, providing a trial date of January 17, 2012, for the wrongful death action. State Farm thereafter filed a notice of appeal of the declaratory judgment with this Court. The petitioner then filed a motion for a stay of the wrongful death action pending this Court's resolution of State Farm's appeal. Respondent Prinz opposed the motion for a stay. On October 31, 2011, the circuit court denied the petitioner's motion to stay the wrongful death action and found as follows:

2. Defendant has offered no authority—statutory, precedential or otherwise—supporting her claim that such a stay is proper.

3. The outcome of the declaratory judgment coverage action has no bearing on the issues at bar in the tort action.

4. Staying the tort action pending resolution of the declaratory judgment action runs counter to the interests of judicial economy, as it would unnecessarily delay resolution of the tort action.

5. Moreover, staying the tort action has the potential to prejudice the Plaintiffs and to impede the potential for settlement of the declaratory judgment coverage action.

On November 29, 2011, the petitioner presented to this Court her petition praying for a writ of prohibition to be directed against the circuit court to prohibit enforcement of its order denying the stay. By order of January 12, 2012, this Court issued a show cause rule against the respondents returnable before this Court on February 8, 2012.

## II.

### STANDARD OF REVIEW

■ The petitioner comes before this Court praying for a writ of prohibition. In doing so, the petitioner does not assert an absence of jurisdiction but rather that the circuit court exceeded its legitimate powers in denying her motion for a stay of the wrongful death action pending this Court's resolution of State Farm's appeal. Our law is well established that

[i]n determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). With this standard to guide us, we will now consider the issue before us.

### III.

### DISCUSSION

■ The sole issue in this case is whether prohibition lies to prevent the circuit court from enforcing its order that denied the petitioner's motion for a stay of the wrongful death action while State Farm's appeal of the declaratory judgment action is pending before this Court. Upon our consideration of the governing law, we deny the requested writ of prohibition. At the joint request of the parties, the circuit court bifurcated the wrongful death and declaratory judgment actions as contemplated by this Court's prior decision in *Christian v. Sizemore*, 181 W.Va. 628, 383 S.E.2d 810 (1989). We find that the circuit court did not abuse its discretion by refusing to further stay the wrongful death proceedings. Because a writ of prohibition is not available to correct discretionary rulings, we deny the extraordinary relief requested.

To support her request for prohibitory relief, the petitioner relies upon an observation in the *Christian* opinion that states, "[w]here the coverage question is separable from the issues in the underlying tort action, it should ordinarily be decided first, as it often may be dispositive of the personal injury litigation." *Christian v. Sizemore*, 181 W.Va. at 632–33, 383 S.E.2d at 814 (citations omitted). The petitioner then construes this quote as requiring that the respondent's declaratory judgment action must be finally adjudicated *before* her wrongful death suit may proceed to trial. Such a construction, though, fails to appreciate the Court's pronouncements in *Christian* or the circuit court's adherence thereto in the underlying proceedings.

In *Christian,* we considered "whether a plaintiff in a personal injury action may amend the complaint to add a count for declaratory judgment against an insurance carrier to determine its liability under the defendant's insurance policy." *Christian v. Sizemore*, 181 W.Va. at 629, 383 S.E.2d at 811. We ultimately concluded, in Syllabus point 3, that "[a]n injured plaintiff may bring a declaratory judgment action against the defendant's insurance carrier to determine if there is policy coverage before obtaining a judgment against the defendant in the personal injury action where the defendant's insurer has denied coverage." *Christian*, 181 W.Va. 628, 383 S.E.2d 810. Furthermore, we held that such "[a] declaratory judgment claim with regard to the defendant's insurance coverage may be brought in the original personal injury suit rather than by way of a separate action." Syl. pt. 4, *id.*

Our decision in *Christian* did not, however, require that a declaratory judgment action brought in conjunction with a personal injury action be litigated to its completion before the merits of the personal injury action could be considered or that such a declaratory judgment action be bifurcated from the underlying personal injury litigation. Rather, we recognized that both of these decisions remain within the trial court's sound discretion. Thus, we acknowledged that, "[g]enerally, the decision to entertain a declaratory judgment action is addressed to the discretion of the trial court." *Christian*, 181 W.Va. at 632, 383 S.E.2d at 814 (citation omitted). Likewise, "[t]he circuit court is clearly authorized to use ... discretion with regard to severance for trial of separate declaratory judgment and negligence counts." *Id.*, 181 W.Va. at 633, 383 S.E.2d at 815.

In the case *sub judice*, the circuit court exercised its discretion by bifurcating the declaratory judgment action from the wrongful death action and by allowing the declaratory judgment action to proceed. Moreover, the circuit court stayed the wrongful death action pending the outcome of the trial of the declaratory judgment action. None of these decisions of the circuit court evidences an abuse of the circuit court's discretion. Furthermore, *Christian* does not require, as the petitioner suggests, that the circuit court must exercise its discretion in a particular manner or that a bifurcated coverage issue must, in every instance, be finally resolved *before* the merits of an underlying liability claim may be addressed.

█ An additional reason to deny the writ of prohibition sought by the petitioner is the fact that denial of the stay below was within the circuit court's discretion, and prohibition does not lie to prevent a simple abuse of discretion by a court. The applicable law regarding stays of proceedings is found in W. Va.Code § 56–6–10 (1923), and this Court's holdings construing that statute. According to W. Va.Code § 56–6–10:

Whenever it shall be made to appear to any court, or to the judge thereof in vaca-

tion, that a stay of proceedings in a case therein pending should be had until the decision of some other action, suit or proceeding in the same or another court, such court or judge shall make an order staying proceedings therein, upon such terms as may be prescribed in the order. But no application for such stay shall be entertained in vacation until reasonable notice thereof has been served upon the opposite party.

It has long been the law of this Court with regard to W. Va.Code § 56–6–10, that

[a] stay of proceedings in a suit provided by [W. Va.Code § 56–6–10 (1923) ],[1] rests in the sound discretion of the court. To warrant the stay it must be essential to justice, and it must be that the judgment of decree by the other court will have legal operation and effect in the suit in which the stay is asked, and settle the matter of controversy in it.

Syl. pt. 4, *Dunfee v. Childs*, 59 W.Va. 225, 53 S.E. 209 (1906) (footnote added). *See also* syl. pt. 1, *Strother v. Morrison*, 100 W.Va. 5, 130 S.E. 255 (1925) (holding that "[w]here it clearly appears that justice will be promoted by staying further proceedings in a cause until the decision of some other cause pending in the same or another court, and that such decision will settle the matter in controversy in the cause in which a stay is asked, such stay should be granted as provided by section 6 of chapter 136 of the Code"); Syl. pt. 1, *Starcher v. Gas Co.*, 113 W.Va. 397, 168 S.E. 383 (1933) (holding that "[w]henever it appears in a suit from a pleading or in other satisfactory manner that there is pending another suit which affects the subject matter of the second suit, the latter should be stayed for such time and upon such terms as to the court may seem proper. Code 1931, 56–6–10."). This Court explained in *Dunfee* that the language of W. Va.Code § 56–6–10 "vests a wide discretion in the court, and though it is not an arbitrary discretion, yet it requires a strong showing of prejudice to a party to reverse the action of a court for a refusal to make such stay." 59 W.Va. at 233, 53 S.E. at

---

1. Syllabus point 4 of *Dunfee v. Childs* references section 6, chapter 136, of the West Virginia Code which was the previous version of and substan-

tially similar to the code section now found at W. Va.Code § 56–6–10.

212. Therefore, in the instant case, it was within the sound discretion of the circuit court whether to grant a stay of proceedings in the wrongful death action pending final resolution of the declaratory judgment action on appeal.

In addition, this Court held in syllabus point 2 of *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977), that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W.Va. Code*, 53–1–1." In *Sencindiver*, the question before this Court was whether prohibition should issue to prevent the trial of a defendant until he had a neurological examination. In deciding this issue, this Court explained that "[w]e cannot issue prohibition when the action of the trial court could be attacked as an abuse of discretion; and granting continuance has always been held by us to be discretionary." 160 W.Va. at 316, 233 S.E.2d at 426 (citation omitted). Likewise, in the instant case, because the decision whether to grant a stay of proceedings pending resolution of another case is within the sound discretion of the trial court and because a writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court, we conclude for this reason also that the writ of prohibition sought by the petitioner will not issue.[2]

### IV.

### CONCLUSION

For the reasons stated above, this Court denies the writ of prohibition sought by the petitioner to prevent the Circuit Court of Jefferson County from enforcing its October 31, 2011, order that denied the petitioner's motion to stay the petitioner's wrongful

death claim pending final resolution on appeal of a declaratory judgment involving insurance coverage against State Farm Fire & Casualty Company.

Writ denied.

---

**2.** As indicated above in syllabus point 4 of *Dunfee v. Childs*, a stay of proceedings in one case pending the resolution of another case is warranted when the stay is essential to justice, when the judgment in the one case will have legal effect and operation in the suit in which the stay is asked, and settle the matter in controversy in it. These factors do not exist below. The resolution of the declaratory judgment action will have no legal effect and operation in the wrongful death action and will not settle the matter in controversy in it. The issue in the declaratory judgment action is whether the State Farm policy provides liability coverage for the allegedly negligent actions of William Piper in the death of Kyle Hoffman. In contrast, the issues in the wrongful death action are whether William Piper committed negligence which caused the death of Kyle Hoffman, Jr.