IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2014 Term

FILED

**March 27, 2014**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 13-0897

STATE OF WEST VIRGINIA EX REL.
THE NORTH RIVER INSURANCE COMPANY,
Petitioner

v.

HONORABLE ROBERT F. CHAFIN,
SPECIAL JUDGE OF THE CIRCUIT COURT OF
WYOMING COUNTY; ALL PLAINTIFFS AND
CROSS-CLAIMANT PLAINTIFFS IN
LAMBERT AND PERSINGER v. MINE SAFETY
APPLIANCES COMPANY,
Respondents

PETITION FOR WRIT OF PROHIBITION

WRIT DENIED

Submitted:  February 4, 2014
Filed:  March 27, 2014

Michael J. Farrell, Esq.
Tamela J. White, Esq.
Farrell, White & Legg PLLC
Huntington, West Virginia
and
John R. Hoblitzell, Esq.
Ann L. Haight, Esq.
Robert B. Allen, Esq.

Louis L. Plotkin, PHV.
Plotkin, Vincent & Jaffe, LLC
Metairie, Louisiana
and
G. Todd Houck, Esq.
Mullens, West Virginia
Eric J. Jacobi, Esq.
Kenealy & Jacobi, PLLC

Kay Casto & Chaney PLLC
Charleston, West Virginia
Counsel for Petitioner
The North River Insurance Company

Louisville, Kentucky
Counsel for Respondent Plaintiffs

Mark A. Packman, PHV.
Gilbert Law Firm
Washington, D.C.
and
J.H. Mahaney, Esq.
Craig R. Banford, Esq.
J. David Bolen, Esq.
Huddleston Bolen LLP
Huntington, West Virginia
Counsel for Respondent
Mine Safety Appliances Company

The Opinion of the Court was delivered PER CURIAM.

SYLLABUS BY THE COURT

1. "'A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W.Va. Code 53-1-1.' Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver,* 160 W.Va. 314, 233 S.E.2d 425 (1977)." Syl. Pt. 1, *State ex rel. York v. W.Va. Office of Disciplinary Counsel*, 231 W.Va. 183, 744 S.E.2d 293 (2013).

2. "A circuit court's decision to invoke the doctrine of *forum non conveniens* will not be reversed unless it is found that the circuit court abused its discretion." Syl. Pt. 3, *Cannelton Indus., Inc. v. Aetna Cas. & Sur. Co. of Am.*, 194 W.Va. 186, 460 S.E.2d 1 (1994).

3. "'A stay of proceedings in a suit provided by [W. Va. Code § 56-6-10 (1923)], rests in the sound discretion of the court. To warrant the stay it must be essential to justice, and it must be that the judgment of decree by the other court will have legal operation and effect in the suit in which the stay is asked, and settle the matter of controversy in it.' Syl. pt. 4, *Dunfee v. Childs,* 59 W.Va. 225, 53 S.E. 209 (1906)." Syl. Pt. 2, *State ex rel. Piper v. Sanders*, 228 W.Va. 792, 724 S.E.2d 763 (2012).

**Per Curiam:**

Petitioner, The North River Insurance Company (hereinafter "North River"), invokes this Court's original jurisdiction seeking a writ of prohibition and asks that we prevent the Circuit Court of Wyoming County, West Virginia, from enforcing its denial of a motion to dismiss, or in the alternative, motion to stay the underlying proceedings pending resolution of out-of-state litigation involving insurance coverage. For the reasons that follow, this Court denies the writ.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. West Virginia Proceedings

On April 19, 2010, Plaintiff Jill A. Lambert, individually, and as administrator of the estate of her husband, Carlos G. Lambert, deceased, filed a tort action against Mine Safety Appliances Company (hereinafter "MSA"), and others, in circuit court. She alleged that her husband developed coal workers' pneumoconiosis and died because the respirator manufactured and sold by MSA leaked substantial amounts of harmful coal dust and failed to protect him. Mr. Lambert worked as a coal miner in this state from 1969 to 2002. He developed advanced lung disease and died at the age of fifty-nine following a double lung transplant.

On April 14, 2011, Plaintiffs Eddie D. Persinger and Teresa Diane Persinger sued MSA, and others, in circuit court and raised similar tort claims. Mr.

Persinger worked as a coal miner in this state from 1972 to 2007. He developed coal workers' pneumoconiosis even though he wore respirators manufactured and sold by MSA. Mrs. Persinger filed an amended and supplemental complaint after Mr. Persinger died due to complications from his lung disease.

After years of litigation, and without admitting liability, MSA settled with Plaintiffs Lambert and Persinger.[1] Under the confidential settlements, MSA paid the plaintiffs a sum certain and assigned them the right to recover the remainder of the settlement amount under an insurance policy that North River sold to MSA, Policy No. JU 1319.[2]

After settling with MSA, the plaintiffs amended their complaints in February of 2013 to add claims against North River. They seek declaratory judgment pursuant to West Virginia Code § 55-13-1 (2008) concerning North River's obligation to provide insurance coverage for MSA's liability to them and an order requiring North River to pay the remainder of the settlement amounts. After the plaintiffs amended their complaints, MSA filed cross-claims against North River. In its cross-claim, MSA seeks

---

[1] Mrs. Lambert settled with MSA in February of 2013. Mrs. Persinger settled with MSA in June of 2012.

[2] Policy No. JU 1319 is an excess insurance policy for the single year 1984-85 issued by North River to MSA.

declaratory judgment regarding North River's obligation to pay for the plaintiffs' claims and damages for North River's breach of the contract of insurance issued to MSA.

At the initial status conference held in June of 2013, all parties agreed to the consolidation of the cases for pre-trial purposes and to the creation of a case management order. The two cases are scheduled for back-to-back trials in April of 2014.

### B. Out-of-State Litigation

To determine if North River is entitled to prohibitory relief, we must summarize the lengthy procedural history of the out-of-state litigation. North River and MSA dispute the applicability of at least thirteen excess insurance policies offering coverage between 1972 through 1986, including the policy at issue here, Policy No. JU 1319. North River and MSA have litigated these issues for several years.[3] Currently, North River and MSA are litigating insurance coverage claims in Pennsylvania state and federal courts and the Delaware Superior Court.[4]

---

[3] A declaratory judgment action North River filed against MSA in New Jersey was dismissed and is not at issue herein.

[4] In Delaware, law and equity are split between different courts, the Superior Court (law) and the Chancery Court (equity). In addition to the litigation pending in the Delaware Superior Court, North River filed an action in equity in the Chancery Court of Delaware seeking to "enjoin MSA from prosecuting any claim in West Virginia under any North River policy" while the coverage claims were pending in Pennsylvania and Delaware. On December 20, 2013, the court refused North River's motion and (continued . . .)

In Pennsylvania federal court, MSA is litigating a breach of contract action against North River.[5] In March of 2009, MSA sued North River seeking judgment that, in accordance with another policy (Policy No. JU 1225), North River has a duty to both defend and indemnify MSA for the thousands of asbestosis, silicosis, and coal workers' pneumoconiosis claims filed against MSA. Thereafter, North River filed a counterclaim seeking declaratory relief regarding the parties' rights and responsibilities under that policy.

In Pennsylvania state court, North River is litigating an action for declaratory relief against MSA and other insurers. In April of 2010, North River filed suit seeking a declaration of the parties' rights and responsibilities in regard to three other policies (Policy Nos. JU 0830, JU 0988, and JU 1223), including whether the claims of MSA customers relate to injuries that were caused during the applicable effective dates of the policies. MSA filed an answer, counterclaim and cross claims asserting that North River failed to honor the contract and acted in bad faith.

---

acknowledged: 1) it had no jurisdiction over the West Virginia tort plaintiffs and could not prevent those plaintiffs from litigating issues, including the "trigger" issue, against North River pursuant to West Virginia's Uniform Declaratory Judgments Act; and 2) MSA should not be barred from participating in the West Virginia cases because MSA's own insurance policies were being construed in those litigations.

[5] Pennsylvania is the state of incorporation and principal place of business of MSA.

In November of 2010, a federal judge authorized the use of a special discovery master to coordinate discovery in the Pennsylvania actions. North River and MSA conducted extensive discovery in the Pennsylvania actions and filed cross-motions for summary judgment. In March of 2013, oral argument was held on the parties' motions for summary judgment. The parties addressed the appropriate "trigger" for coverage as to the claims.

While the Pennsylvania actions were pending, MSA sued its insurers, including North River, in Delaware Superior Court in June of 2010. MSA sought, in part, a declaration that North River must defend and indemnify MSA in accordance with several insurance policies, including Policy No. JU 1319. One of the issues in this action is the appropriate coverage "trigger," which is governed by Pennsylvania law. In January of 2011, the court granted North River's motion to stay the proceedings in favor of the pending Pennsylvania actions. However, in March of 2012, the court granted a motion to lift the stay in order to allow discovery as to those policies that were not implicated by the Pennsylvania litigation, including Policy No. JU 1319. The court stated that it was "increasingly concerned that the other jurisdiction is not going to be rendering prompt and complete justice." This stay will be automatically lifted in its entirety once the cross-motions for summary judgment in the Pennsylvania actions are resolved.

At oral argument before this Court, the parties stated the out-of-state litigations are still pending.

5

### C. North River's Motion to Dismiss and/or Stay Proceedings

In an attempt to block the trials, North River filed a motion to dismiss or, in the alternative, motion for a stay of the proceedings in *Lambert v. Mine Safety Appliances Co.*, No. 11-C-69 (W.Va. Cir. Ct. filed April 19, 2010), and *Persinger v. Mine Safety Appliances Co.*, No. 11-C-45 (W.Va. Cir. Ct. filed April 14, 2011).[6] North River argued West Virginia is an inconvenient forum and the proceedings should be dismissed. Alternatively, North River moved that the proceedings should be stayed until the insurance coverage actions in Pennsylvania and Delaware are resolved. In opposition, the plaintiffs maintained the cases should remain in Wyoming County because they are West Virginia residents and the causes of action accrued here. The plaintiffs also contested a stay because the out-of-state courts will not address their claims for damages.

By order entered September 4, 2013, the circuit court carefully analyzed the relevant factors under West Virginia Code § 56-1-1a (2012), discussed below, and denied North River's motion to dismiss. The circuit court also held it was "not in the interest of justice" to stay the proceedings because the

---

[6] North River's motion was not a matter of first impression before the Wyoming County Circuit Court. MSA settled a similar tort case involving a plaintiff who developed coal workers' pneumoconiosis after wearing MSA's respirators. That settlement involved a combination of cash and an insurance assignment. In *Moore v. Mine Safety Appliances Co.*, No. 10-C-35 (W.Va. Cir. Ct. filed March 8, 2010), North River filed a substantially similar motion requesting that the circuit court dismiss or stay the proceedings in deference to the Pennsylvania and Delaware litigation. The circuit court denied the motion. Thereafter, North River settled with the Moores and their claims against North River were dismissed.

out-of-state litigation has been pending for years, and the [c]ourt has not been advised of a trial date in that litigation. It would be prejudicial to the plaintiffs to delay the captioned cases for years only to find that the earlier-filed litigation in Pennsylvania and Delaware did not resolve the matters in controversy and a trial in West Virginia was needed.

For the reasons set forth below, we agree.

## II. STANDARD FOR ISSUANCE OF WRIT

In its petition to this Court, North River has phrased the question presented as whether the circuit court "abused its discretion" when it denied the motion to dismiss or stay the proceedings. Specifically, North River argues the circuit court erred in applying the doctrine of the forum non conveniens to the facts of this case. North River also asserts it was severely prejudiced by the denial of the motion for a stay because it will face the possibility of inconsistent adjudications and will be forced to defend multiple litigations on the same issue in different forums. With respect to a request for prohibitory relief, this Court has explained that:

> "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W.Va. Code 53-1-1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver,* 160 W.Va. 314, 233 S.E.2d 425 (1977).

Syl. Pt. 1, *State ex rel. York v. W.Va. Office of Disciplinary Counsel*, 231 W.Va. 183, 744 S.E.2d 293 (2013).

7

To decide whether North River is entitled to prohibitory relief, we must also consider whether the circuit court erred in denying its motion. A forum non conveniens determination is committed to the sound discretion of the circuit court. "A circuit court's decision to invoke the doctrine of *forum non conveniens* will not be reversed unless it is found that the circuit court abused its discretion." Syl. Pt. 3, *Cannelton Indus., Inc. v. Aetna Cas. & Sur. Co. of Am.*, 194 W.Va. 186, 460 S.E.2d 1 (1994).[7] Similarly, this Court reviews a denial of a stay of the proceedings under an abuse of discretion standard.

> "A stay of proceedings in a suit provided by [W. Va. Code § 56-6-10 (1923)], rests in the sound discretion of the court. To warrant the stay it must be essential to justice, and it must be that the judgment of decree by the other court will have legal operation and effect in the suit in which the stay is asked, and settle the matter of controversy in it." Syl. pt. 4, *Dunfee v. Childs,* 59 W.Va. 225, 53 S.E. 209 (1906).

Syl. Pt. 2, *State ex rel., Piper v. Sanders*, 228 W.Va. 792, 724 S.E.2d 763 (2012).

With regard to what constitutes an abuse of discretion, this Court has explained that "[u]nder the abuse of discretion standard, we will not disturb a circuit court's decision unless the circuit court makes a clear error of judgment or exceeds the

---

[7] In *Cannelton Industries*, this Court discussed the common law doctrine of forum non conveniens. In 2007, the Legislature codified this doctrine. Our standard of review remains the same. *See Nezan v. Aries Techs., Inc.,* 226 W.Va. 631, 637, 704 S.E.2d 631, 637 (2010) ("On the issue of *forum non conveniens,* we have held that the standard of review of this Court is an abuse of discretion.").

8

bound of permissible choices in the circumstances." *Wells v. Key Comm'ns, L.L.C.*, 226 W.Va. 547, 551, 703 S.E.2d 518, 522 (2010) (citation omitted). With these principles in mind, we consider the merits of North River's request for a writ of prohibition.

## III. DISCUSSION

The sole issue in this case is whether prohibition lies to prevent the circuit court from enforcing its order denying North River's motion to dismiss, or in the alternative, motion to stay the proceedings. Because a writ of prohibition is not available to correct discretionary rulings, we deny the extraordinary relief requested. Furthermore, as discussed below, we find no error in the circuit court's ruling.

### A. *Forum non conveniens*

We first examine whether the circuit court erred in failing to grant North River's motion to dismiss the proceedings under the doctrine of forum non conveniens. This doctrine is applied when "in the interest of justice and for the convenience of the parties" an action may be brought more conveniently, but still justly, in another forum. W.Va. Code § 56-1-1a; *see generally Am. Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994) (discussing that under the federal doctrine of forum non conveniens, a court may dismiss the case when trial in the chosen forum would establish oppressiveness to a defendant out of all proportion to plaintiff's convenience, or because of the court's own administrative concerns). Forum non conveniens is not a substantive right of the parties, but a procedural rule of the forum. *Id.* at 241 n.4. A party seeking dismissal on grounds of

9

forum nonconveniens "ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430 (2007).

West Virginia's forum non conveniens statute, West Virginia Code § 56-1-1a (2012), provides, in relevant part:

> (a) In any civil action if a court of this State, upon a timely written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action would be more properly heard in a forum outside this State, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action, or dismiss any plaintiff: Provided, That *the plaintiff's choice of a forum is entitled to great deference,* but this preference may be diminished when the plaintiff is a nonresident and the cause of action did not arise in this State. In determining whether to grant a motion to stay or dismiss an action, or dismiss any plaintiff under the doctrine of forum non conveniens, the court shall consider:

> (1) Whether an alternate forum exists in which the claim or action may be tried;

> (2) Whether maintenance of the claim or action in the courts of this State would work a substantial injustice to the moving party;

> (3) Whether the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;

> (4) The state in which the plaintiff(s) reside;

> (5) The state in which the cause of action accrued;

> (6) Whether the balance of the private interests of the parties and the public interest of the State predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this State. Factors relevant to the private interests of the parties include, but are not limited to, the relative ease of access to sources of

proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; possibility of a view of the premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Factors relevant to the public interest of the State include, but are not limited to, the administrative difficulties flowing from court congestion; the interest in having localized controversies decided within the State; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty;

(7) Whether not granting the stay or dismissal would result in unreasonable duplication or proliferation of litigation; and

(8) Whether the alternate forum provides a remedy.

*Id.* at § 56-1-1a(a) (emphasis supplied).

In the instant case, this Court is asked to decide whether the *Lambert* and *Persinger* trials scheduled in the circuit court will be oppressive or unfair to North River or create an undue burden on West Virginia's courts or citizens. We begin our analysis by recognizing the plaintiffs' choice of forum is entitled to great deference.[8] North River

---

[8] Prior to the enactment of our forum non conveniens statute, the United States Supreme Court addressed the doctrine in two landmark cases. In *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501 (1947), and *Koster v. Lumbermens Mutual Casualty Company,* 330 U.S. 518 (1947), the Supreme Court established the principle that the plaintiff's choice of forum is given great weight. However,

> the holding in *Gilbert* was partially superseded by the enactment of 28 U.S.C. § 1404(a), which governs the transfer of federal cases within the federal system on the basis of *forum non conveniens*. As stated by the Fifth Circuit Court of Appeals, however, "the doctrine of *forum non conveniens*, as set out in *Gilbert,* remains good law so long as the possible

(continued . . .)

11

argues this deference should be diminished because the plaintiffs accepted an assignment of MSA's rights under the insurance contract. North River asserts the plaintiffs "step in the shoes" of MSA and therefore this action is really nothing more than a coverage claim between MSA and North River. We find this argument is wholly without merit. *See generally* Syl. Pt. 3 *Christian v. Sizemore*, 181 W.Va. 628, 383 S.E.2d 810 (1989) ("An injured plaintiff may bring a declaratory judgment action against the defendant's insurance carrier to determine if there is policy coverage before obtaining a judgment against the defendant in the personal injury action where the defendant's insurer has denied coverage."); and *Price v. Messer*, 872 F. Supp. 317, 321 (S.D. W.Va. 1995) ("West Virginia law unequivocally holds insurance/collection claims are properly joined in the same action with negligence claims, whether the joinder is effected prior to the tort judgment . . . or after[.]") (citations omitted). Therefore, we find no reason to diminish the preference given to the plaintiffs' choice of forum.

We now turn to the other statutory factors. This Court has held that circuit courts "must consider the eight factors enumerated in West Virginia Code § 56-1-1a (Supp. 2010), as a means of determining whether, in the interest of justice and for the convenience of the parties, a claim or action should be stayed or dismissed on the basis of

---

alternative forum is a state or foreign court." *Cowan v. Ford Motor Co.,* 713 F.2d 100, 103 (5th Cir. 1983).

*Mace v. Mylan Pharm., Inc.*, 227 W.Va. 666, 675 n.4, 714 S.E.2d 223, 232 n.4 (2011).

forum non conveniens." *State ex rel. Mylan, Inc. v. Zakaib*, 227 W.Va. 641, 649, 713 S.E.2d 356, 364 (2011). The weight assigned to each factor varies because each case turns on its own unique facts. *See, e.g., Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 249 (1981) (stating that forum nonconveniens analysis is highly fact-specific); *State ex rel. Kansas City So. R.R. Co. v. Mauer*, 998 S.W.2d 185, 189 (Mo. 1999) (discussing that application of forum nonconveniens is "fact intensive").

North River makes several arguments that challenge the circuit court's forum non conveniens analysis, none of which this Court finds convincing. We begin by addressing factor seven, the duplication or proliferation of the litigation, because it is the focal point of North River's motion. North River maintains MSA should be compelled to litigate the coverage claims in Delaware because it filed an action there in 2010. North River complains that MSA should not be allowed to create "mini-coverage claims" in every tort case that it settles. Although we agree that this is a valid point made with regard to MSA, we cannot agree that this factor strongly favors dismissal of these actions. As the circuit court reasoned, it is uncontested that West Virginia law specifically provides that the plaintiffs can bring a declaratory judgment suit against the insurer of a tortfeasor in an ongoing tort action. Further, the Delaware court is not in a position to rule on the plaintiffs' claims. Consequently, we find that maintaining these actions in West Virginia will not result in an unreasonable duplication or proliferation of litigation.

13

North River addresses the other statutory factors from the same flawed perspective. By focusing on its coverage battles with MSA, North River ignores the plaintiffs' claims. For instance, under the first factor, North River maintains an alternative forum exists in which the claim may be tried because the plaintiffs are subject to the jurisdiction of the Delaware Superior Court because they accepted an assignment of insurance rights from MSA. This argument is not persuasive. The Delaware court lacks personal jurisdiction over the plaintiffs,[9] cannot determine whether the settlement agreements are enforceable, and has not been presented with the affirmative defenses asserted by North River. We therefore agree with the circuit court that there is no alternative forum to address the plaintiffs' claims.

Accordingly, we find that the circuit court's decision denying the motion to dismiss was within the parameters of its sound discretion. First, strong deference is accorded to the plaintiffs' choice of forum because they are West Virginia residents and the decedents' coal dust exposure occurred in the West Virginia coal mines. Second,

---

[9] The United States Supreme Court and the state of Delaware have been clear that, "[i]f the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985); *see also Matter of Rehab of Nat'l Heritage Life Ins. Co.*, 656 A.2d 252, 256-58 (Del. Ch. 1994) (holding that an out-of-state party that contracts with a Delaware insurance company does not have minimum contacts with Delaware).

considerations relevant to a forum non conveniens analysis suggest no basis for dismissal of the action.[10]

## B. Stay of Proceedings

We now address the remaining issue of whether the circuit court erred in denying North River's motion to stay the proceeding pending resolution of the out-of-state litigation.[11] We consider the factors enumerated in West Virginia Code § 56-1-1a in

---

[10] North River's criticism of the circuit court's analysis of the other statutory factors merits little discussion. With regard to the second factor, we agree with the circuit court that maintenance of the claim in this State would not work a substantial injustice to the moving party. North River is an insurance company registered to do business in West Virginia. The circuit court also rejected North River's arguments of inconsistent judgments and recognized it is already at risk for inconsistent judgments between the Pennsylvania and Delaware courts.

The third statutory factor is not in dispute. The Pennsylvania and Delaware courts can exercise jurisdiction over all of the defendants.

We agree with the circuit court that factors four and five weigh in favor of the plaintiffs' choice of forum. The plaintiffs are West Virginia residents and would suffer substantial injustice if they were forced to litigate elsewhere. The cause of action accrued in West Virginia because the decedents were exposed to coal dust while working in the West Virginia coal mines. Furthermore, MSA settled with the plaintiffs in West Virginia.

Turning to factor six, we agree with the circuit court that a balance of the private interests of the parties and the public interest of this State predominate in favor of the actions remaining in West Virginia.

The final statutory factor is whether the alternative forum provides a remedy. For the reasons previously stated, we concur with the circuit court's finding that the Pennsylvania and Delaware courts are not in a position to address the plaintiffs' claims.

[11] West Virginia Code § 56-6-10 (2012) provides:

> Whenever it shall be made to appear to any court, or to the judge thereof in vacation, that a stay of proceedings in a case therein pending should be had until the decision of some

(continued . . .)

15

determining whether the actions should be stayed. Moreover, "[t]o warrant the stay it must be essential to justice, and it must be that the judgment . . . by the other court will have legal operation and effect in [this] suit . . . and settle the matter of controversy in it." Syl. Pt. 4, in part, *Dunfee v. Childs*, 59 W.Va. 225, 53 S.E. 209 (1906).

North River argues a stay is essential to justice in this case because MSA committed a "sham upon the court" by assigning a portion of its rights under the policy to the plaintiffs. North River alleges MSA "engineered the immediate actions in an attempt to circumvent the stay entered by the Delaware Superior Court." MSA denies this allegation and states North River "does not even attempt to establish that it was prejudiced" by the denial of its motion. The plaintiffs maintain they entered into the settlement agreements that included insurance assignments because they wanted to realize some recovery on their claims that have been pending for years. In accepting the assignments, the plaintiffs fully recognize North River has denied coverage to MSA.

In *State ex rel. Piper v. Sanders*, 228 W.Va. 792, 796, 724 S.E.2d 763, 767 (2012), this Court held that a stay is appropriate when the earlier-filed action "will settle

other action, suit or proceeding in the same or another court, such court or judge shall make an order staying proceedings therein, upon such terms as may be prescribed in the order. But no application for such stay shall be entertained in vacation until reasonable notice thereof has been served upon the opposite party.

16

the matter in controversy in the cause in which a stay is asked[.]" (*quoting* Syl. Pt. 1, in part, *Strother v. Morrison*, 100 W.Va. 5, 130 S.E. 255 (1925)). Applying this holding to the facts of the instant case, we find that the circuit court did not err in denying North River's motion for stay. As discussed above, the out-of-state courts will not address the relief sought by the plaintiffs. Nevertheless, the circuit court acknowledged those rulings may impact the rights of the plaintiffs and stated it would give whatever deference is due while handling this litigation.

Finally, this Court agrees that it would be unfair and prejudicial to the plaintiffs to delay the trials unnecessarily. As West Virginia citizens, the plaintiffs enjoy the constitutional right to a just and speedy determination in these civil proceedings.[12]

---

[12] In *Caruso v. Pearce*, 223 W.Va. 544, 678 S.E.2d 50 (2009), this Court recognized the

> [West Virginia Rules of Civil Procedure] establish procedures for the orderly process of civil cases as anticipated by W.Va. Const. Art. III, § 10. They operate in aid of jurisdiction and facilitate the public's interest in just, speedy and inexpensive determinations. They vindicate constitutional rights by providing for the administration of justice without denial or delay as required by W.Va. Const. Art. III, § 17.

*Id.* 223 W.Va. at 547, 678 S.E.2d at 53 (*quoting Arlan's Dept. Store of Huntington, Inc. v. Conaty,* 162 W.Va. 893, 897-98, 253 S.E.2d 522, 525 (1979)).

17

## IV. CONCLUSION

Based upon the foregoing, this Court denies the writ of prohibition sought by North River to prevent the Circuit Court of Wyoming County from enforcing its September 4, 2013, order that denied the motion to dismiss or, in the alternative, motion to stay the proceedings.

Writ denied.