No. 14-0766  *State of West Virginia ex rel. Ford Motor Company et al. v. The Honorable David W. Nibert et al.*

**FILED**

**April 9, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

LOUGHRY, Justice, dissenting, joined by Justice Benjamin:


By its adoption of a hyper-technical approach that clearly elevates form over substance, the majority compounded the error committed by the circuit court's denial of the respondents' motion for dismissal. Not only did our Legislature recognize with its statutory enactment of West Virginia Code § 56-1-1a (2012) that certain cases dictate dismissal on grounds of convenience to the parties and the interests of justice, but they made clear that when the plaintiff is a non-resident and the cause of action accrued outside this state, the plaintiff's right to choose his or her forum is clearly subject to closer scrutiny and less significance in terms of preference.[1] The record of this case, *as already developed*, presents the paradigm of a case that unquestionably demands dismissal on grounds of forum non conveniens. Accordingly, I must respectfully dissent from the majority's decision to remand this matter back to the trial court for further findings that are not required to resolve the limited issue before the Court.

---

[1]While observing that a "plaintiff's choice of a forum is entitled to great deference," the Legislature clarified that "this preference may be diminished when the plaintiff is a nonresident and the cause of action did not arise in this State." W.Va. Code § 56-1-1a(a).

1

Significantly, this case involves out-of-state plaintiffs who were involved in a motor vehicle accident that occurred in 2012 in the state of Michigan.[2] The vehicle in which the non-resident plaintiffs were occupying at the time of the accident was a 1999 Ford Expedition.[3] By the time the plaintiffs purchased that car in 2008 in the state of Michigan, it had been owned by multiple individuals.[4] The person who sold the car to the plaintiffs was a Michigan resident. The vehicle was designed and constructed in Michigan. The first responders and the medical professionals who treated the occupants of the Ford Expedition were all located in Michigan. The accident witnesses and investigators were similarly located in Michigan. When the vehicle was originally sold in 1999, thirteen years before the accident's occurrence, it was sold by a West Virginia car dealership. That minor and seemingly insignificant event is the singular fact upon which the plaintiffs rely to assert that this state is the proper forum in which to try their cause of action.[5]

As the basis for its remand to require specific findings of fact on each of the

---

[2]Oddly, the majority omitted to disclose the out-of-state location of the accident.

[3]The plaintiffs' vehicle was struck by a Honda Odyssey, driven by an Ohio resident. All of the passengers in the Ford Expedition were Michigan residents.

[4]The record suggests the plaintiffs were at least the fourth owner of this vehicle.

[5]According to the respondents, West Virginia is a more desirable forum for the plaintiffs because of a difference in our laws. Under Michigan law, if a product has been in use for more than ten years, the plaintiff must prove his or her case without the benefit of presumptions, such as strict liability. This state has no comparable limitation.

eight statutory factors provided in West Virginia Code § 56-1-1a, the majority faults the trial court for failing to comply with the statute, as well as this Court's holdings in *State ex rel. Mylan, Inc. v. Zakaib*, 227 W.Va. 641, 713 S.E.2d 356 (2011), and in *Mace v. Mylan Pharmaceuticals, Inc,* 227 W.Va. 666, 714 S.E.2d 223 (2011). In its rush to castigate the trial court, the majority claims that the trial court "solely relied upon this Court's decision in *Abbott.*"[6] While the trial court clearly relied in part on *Abbott,* the order from which the subject appeal is taken specifically provides: "Further, in evaluating the factors described in § 56-1-1a, this Court finds that Plaintiffs [sic] choice of forum in West Virginia is appropriate as well." For its analytical purposes, the majority simply chose not to divulge the circuit court's express reference to having considered the very statutory factors which the Court faults it for ignoring.[7]

In reviewing *Zakaib*,[8] I discerned a statutory distinction that the Court either overlooked or ignored in crafting syllabus point six of that decision, which requires findings of fact and conclusions of law as to the factors provided in West Virginia Code § 56-1-1a. The Court, with little consideration of the actual statutory language, simply declared in

---

[6]*See Abbott v. Owens-Corning Fiberglass Corp.*, 191 W.Va. 198, 444 S.E.2d 285 (1994).

[7]During the oral argument of this case, the plaintiffs' attorney acknowledged that the trial court had considered the statutory factors set forth in West Virginia Code § 56-1-1a.

[8]That decision was issued before I joined the Court.

*Zakaib* that the Legislature had mandated specific findings of fact and conclusions of law as to each of the eight factors provided in the forum non conveniens statute. *See* 227 W.Va. at 649-50, 713 S.E.2d at 364-65. That simply is not the case. The Legislature, in the closing subsection to section 1a, addressed in general rather than specific terms, the need for trial courts to "set forth specific findings of fact and conclusions of law" regarding their decisions pertaining to motions seeking dismissal on grounds of forum non conveniens. W.Va. Code § 56-1-1a(e). That directive is not the equivalent of a mandate requiring *individual* findings addressing each statutory factor provided for "considerat[ion]" when ruling on this issue. Consequently, this Court's holding in *Zakaib* that the *Legislature* mandated specific findings as to each of the eight statutory factors set forth in West Virginia Code § 56-1-1a fails upon analysis. That decretal was made by this Court and not by the Legislature.

Rather than prolonging this matter further, I submit that the interests of justice and the finite judicial resources of this state would have been better served if this Court had simply examined the trial court's rulings pursuant to the statutory factors at issue and proceeded to reach the determination required by this case: Application of the principles of forum non conveniens compels the conclusion that the plaintiffs' cause of action has no business being tried in this state. This is easily demonstrated by an examination of the facts at issue in conjunction with the existing record in this case. The first factor, the existence

of an alternative forum, is easily demonstrated.  Everything that has any significance whatsoever to this case occurred, exists, or resides in Michigan.  Importantly, the only West Virginia resident–the automobile dealership that originally sold the vehicle (Jack Garrett Ford)–has consented to be subject to the jurisdiction of Michigan courts.  The second factor, which looks at whether maintaining the action in West Virginia would work a substantial injustice on the moving party–here the petitioners–is clear.  Because most of the witnesses required to testify regarding the facts of the accident reside in Michigan and are beyond the subpoena power of this state, the petitioners will not be able to compel their attendance at a trial that transpires in West Virginia.  The third factor examines whether the alternate forum can exert jurisdiction over the defendants.  Given the consent of Jack Garrett Ford to Michigan's assertion of personal jurisdiction over him, that matter has already been resolved in favor of Michigan being a proper forum.  The fourth factor looks to the residency of the plaintiffs, who are all Michigan residents.  The fifth factor considers where the cause of action accrued.  Because Michigan is the situs of the plaintiffs' accident and their injuries, there can be no doubt that the cause of action accrued in Michigan.  In the same vein, any theory predicated on a design or manufacturing defect points to Michigan because it is the situs of  both the vehicle's design and construction.

Regarding the sixth factor, which weighs the private and public interests, courts are instructed to consider "the extent to which an injury or death resulted from acts

5

or omissions that occurred in this State." W.Va. Code § 56-1-1a(a)(6). Given the location where the plaintiffs sustained their injuries, this factor points heavily towards the case being tried in Michigan. The ability of the Michigan courts to compel witnesses further weighs in favor of Michigan as the preferred jurisdiction for resolution of this controversy. Our Legislature further directed that the courts, in addressing this sixth factor, seek to have "localized controversies decided within the State," while attempting to avoid "unnecessary problems in conflict of laws, or in the application of foreign law." *Id.* Simply put, Michigan has a far greater interest in resolving this Michigan-created and Michigan-oriented controversy.[9]

The seventh factor examines whether an unreasonable duplication or proliferation of litigation can be avoided by granting the requested dismissal. The petitioners maintain that if this case stays in West Virginia, they may be forced to litigate this matter in multiple venues.[10] And as to the final factor regarding whether Michigan law provides a remedy for the plaintiffs' injuries, the answer is an unequivocal yes. Michigan law clearly recognizes product liability claims against manufacturers of allegedly defective

[9]As the petitioners aptly observe, "a Michigan forum would avoid burdening a Roane County jury from deciding a case involving events and lead parties that have nothing to do with Roane County."

[10]The plaintiffs also filed a lawsuit against the individuals who struck their vehicle in Ohio. Venue of that matter has not been fully resolved as the granting of a motion to dismiss for forum non conveniens filed by the petitioners is currently being appealed.

products.  *See* Mich. Comp. Laws § 600.2945 to .2947 (2004); *see also Huff v. Ford Motor Co.*, 338 N.W.2d 387, 390 (Mich. Ct. App. 1983) ("Michigan courts recognize that a manufacturer owes a duty to users of its product to furnish a product which is not unreasonably dangerous when used in a manner intended or in a manner reasonably foreseeable by the manufacturer.").

While "[t]he weight assigned to each factor varies because each case turns on its own unique facts," each and every factor in this case weighs in favor of an immediate dismissal of this case.[11] *State ex rel. North River Ins. Co. v. Chafin*, 233 W.Va. 289, 295, 758 S.E.2d 109, 115 (2014).  The petitioners correctly observed:  "If dismissal for forum non conveniens is not required here, it is difficult to imagine any circumstances in which a circuit court would abuse its discretion in declining to dismiss an action."  And while the majority focused exclusively on the Legislature's inclusion of the term "shall" in the final subsection of West Virginia Code § 56-1-1a, the occurrence of that same directive in the opening paragraph–a trial court "shall decline to exercise jurisdiction" upon a finding that the interests of justice and the convenience of the parties so require–arguably has even more import. *Id.*  Not only do the interests of justice and concerns of convenience to the parties

---

[11]Of critical significance, however, is the fact that the three-year Michigan statute of limitations will run on June 22, 2015.  This fact alone should have compelled the majority to issue a decision on the ultimate issue, rather than forestalling the matter with an unnecessary remand likely to further protract this litigation.

unequivocally point to a Michigan forum in this case, but keeping this case in our judicial system for even one more day is an inexcusable waste of judicial resources.